C. A. STOKES v. SUFFOLK AND CAROLINA RAILROAD CO.

*Common Carriers—Negligence—Evidence—Judge's Charge.*

In an action to recover damages for injuries alleged to have been received because of the negligence of a railway company to provide suitable means by which passengers might have access to trains, there was evidence tending to show that a shallow ditch, not more than two feet wide, ran parallel with defendant's track at the point where passengers got on and off the cars; that a bridge, or platform, fifteen feet wide, was erected over it; that it was in good condition, except that one plank was slightly shorter than the others; that the plaintiff, in the day-time, in attempting to get on the train, stepped into a hole caused by the short plank, and was injured: *Held,* the defendant was entitled to an instruction that, if the jury found the bridge to be such as testified to, it was sufficient as a crossing-place for passengers, and the defendant was not chargeable with negligence.

CIVIL ACTION, tried before *Whitaker, J.,* at Spring Term, 1890, of CHOWAN Superior Court.

The plaintiff brought this action to recover damages sustained by her, occasioned by the defendant's failure "to keep the bridges and other approaches to the said train (that of the defendant), at that point over which the plaintiff was compelled to pass, in a safe and suitable condition, but allowed them to be, on the day named, dangerous to persons approaching said train."

On the trial the defendant requested the Court to instruct the jury, among other things, as follows:

"1. That if the jury find that the said bridge was constructed as a crossing for the witness Jones, over a drain not over eight or ten inches deep, and was in good condition, and at least fifteen feet wide, the only defect being that one plank was slightly shorter at one end than the other planks of the bridge, that would not constitute negligence on the part of the defendant.

"2. That if the jury find as a fact that the bridge or crossing, over the end of which the plaintiff fell, was fifteen feet wide at the narrowest point, over a drain not over eight inches deep at the deepest part, and sloping off at both edges, and not over two feet wide, perfectly sound in all respects, the only defect being a plank slightly shorter at one end than the other planks of the bridge, it would constitute a sufficient crossing for foot passengers boarding the train, and would not, of itself, be negligence on the part of the defendant."

There was evidence tending to prove the facts suggested by the instructions asked for. There was a verdict and judgment for the plaintiff, and the defendant appealed to this Court.

*Messrs. Pruden & Vann* filed a brief for plaintiff.
*Mr. L. L. Smith,* for defendant.

MERRIMON, C. J.—after stating the facts: The Court declined to give the instructions asked for by the defendant, or the substance of them. In view of the allegations of the complaint and the issues submitted to the jury, it was material for the defendant to prove that the bridge in question was sufficient and safe for passengers crossing the same to get on and off the defendant's train. If it was sufficient, then the jury might have found that the plaintiff incautiously, carelessly and negligently fell from the bridge and injured herself, or that the fall was a mere casualty, for which the defendant could not justly be held responsible. There was evidence produced tending to show that a side ditch, from four to six feet wide at the surface—not so wide at the center—and about eight inches deep, was situated parallel and near the defendant's railroad track, at a point where its train stopped to let off and take on passengers; that three bridges crossed this ditch within the distance of seventy-five yards;

that the bridge was about fifteen feet wide, about that length crossing the ditch; that it was near a road-crossing; that it was solid; that one plank on it was a little shorter—six or eight inches—than the others; that the shortness of this plank might easily be seen; that plaintiff fell through the bridge at the end of the short plank, etc., etc.

We cannot hesitate to say that if the bridge was such a one as the defendant, in view of the evidence, contended it was, it was sufficient as a crossing place for passengers going on the defendant's train, and the defendant was not chargeable with negligence, simply on the ground of insufficiency of the bridge for such purpose; nor would the fact that one of the planks was shorter, by eight inches, than the others, of itself constitute negligence of the defendant, especially if it was plainly observable by passengers. When there is evidence to support a material aspect of the case contended for, the Court should give appropriate instructions as to the same, particularly when it is requested to do so. And in a case like the present one, the Court might instruct the jury that, if they believed a certain state of facts, of which there was evidence, there would be negligence chargeable against a party; otherwise, there would be none.

The view contended for by the defendant was material— there was evidence tending to prove it and we think the instructions asked for, above set forth, or the substance of them, should have been given, along with the instructions the Court gave the jury. They might have led the jury to a different conclusion from that reached by them.

There is error. The defendant is entitled to a new trial, and we so adjudge.

                                                    Error.