[No. 14110.   Department One. — January 5, 1893.]

AMELIA S. FALLS, RESPONDENT, *v.* SAN FRANCISCO AND NORTH PACIFIC RAILROAD COMPANY, APPELLANT.

RAILROADS — NEGLIGENCE — CONDITION OF STATION — MEASURE OF CARE REQUIRED. — *Carriers of passengers are bound simply to exercise ordinary care as to the condition of the station at which passengers are received, in view of the dangers to be apprehended; and whether there has been an exercise of such care depends upon the circumstances of the case, the nature of the road, and the character of the traffic and place where the accident occurred.*

ID. — FREIGHT UPON PLATFORM AT FLAG-STATION — ACCIDENT NOT REASONABLY ANTICIPATED — VERDICT AGAINST EVIDENCE. — *At flag-stations established for the convenience of sparsely settled districts, railroad companies have the right to use the same platform for the depositing of*

freight and for the accommodation of passengers, and if they use ordinary and reasonable care to allow sufficient room for passengers, are not responsible for an unforeseen accident, arising to a passenger from stumbling over a deposit of freight, in broad daylight, which could not have been reasonably anticipated; and a verdict rendered in favor of the person injured by such accident will be set aside upon appeal as against evidence, where the evidence clearly shows that ordinary care was used by the railroad company, and that it could not have reasonably anticipated the accident.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Charles F. Hanlon,* for appellant.

The plaintiff was clearly guilty of contributory negligence. (*Glascock* v. *C. P. R. R. Co.,* 73 Cal. 140; *McLaury* v. *McGregor,* 3 Iowa, 393; *Raymond* v. *Lowell,* 6 Cush. 524; *Arkansas R'y Co.* v. *Canman,* 2 Am. R'y & Corp. Cas. 316.) The plaintiff, having been guilty of contributory negligence, cannot recover, even if the company had been guilty of negligence. (*New Jersey Express Co.* v. *Nichols,* 33 N. J. L. 435; *Murch* v. *Concord R. R. Co.,* 29 N. H. 1; *Trinity etc. R'y Co.* v. *Mitchell,* 72 Tex. 609; *Potter* v. *Chicago etc. R. R. Co.,* 21 Wis. 372; 94 Am. Dec. 548; *Cunningham* v. *Lyness,* 22 Wis. 248; *McCandless* v. *Chicago etc. R. R. Co.,* 45 Wis. 372; *N. & W. R. R. Co.* v. *Emmert,* 83 Va. 646; *Trousclair* v. *Steamship Co.,* 80 Cal. 526; Beach on Contributory Negligence, sec. 11, p. 36; *Rothe* v. *Milwaukee etc. R. R. Co.,* 21 Wis. 256; *Chicago etc. R. R. Co.* v. *Goss,* 17 Wis. 428; 84 Am. Dec. 755; *Spencer* v. *Milwaukee etc. R. R. Co.,* 17 Wis. 488; 84 Am. Dec. 758; *Achtenhagen* v. *City of Watertown,* 18 Wis. 331; 86 Am. Dec. 769; *Bennett* v. *Chicago etc. R. R. Co.,* 19 Wis. 145; *Langhoff* v. *Milwaukee etc. R. R. Co.,* 19 Wis. 489; *Stucke* v. *Milwaukee etc. R. R. Co.,* 9 Wis. 202; *Dowell* v. *General Steam Navigation Co.,* 5 El. & B. 195; *Witherley* v. *Regent's Canal Co.,* 12 Com. B., N. S., 2; 6 L. T., N. S., 255; 3 Fost. & F. 61; *Lach* v. *Seward,* 4 Cas. 106; *Luxford* v. *Large,* 5 Cas. 421; *Woolf* v. *Beard,* 8

Cas. 373; *Vennall* v. *Garner*, 1 Cromp. & M. 21; *Kent* v. *Elstob*, 3 East, 18; *Cremer* v. *Portland*, 36 Wis. 92; *Otis* v. *Janesville*, 47 Wis. 422; *Knight* v. *Pontchartrain R. R. Co.*, 23 La. Ann. 462; *Johnson* v. *Canal etc. R. R. Co.*, 27 La. Ann. 53; *Laicher* v. *New Orleans etc. R. R. Co.*, 28 La. Ann. 320; *Broadwell* v. *Swigert*, 7 B. Mon. 39; 45 Am. Dec. 47, and note; *O'Brien* v. *Philadelphia etc. R. R. Co.*, 3 Phila. 76; *Catawissa R. R. Co.* v. *Armstrong*, 49 Pa. St. 186; *Stiles* v. *Geesey*, 71 Pa. St. 439; *Needham* v. *San Francisco etc. R. R. Co.*, 37 Cal. 409; *Flemming* v. *Western etc. R. R. Co.*, 49 Cal. 253; *Hearne* v. *Southern etc. R. R. Co.*, 50 Cal. 482; *Coombs* v. *Purrington*, 42 Me. 332; *Murphy* v. *Deane*, 101 Mass. 455; 3 Am. Rep. 390; *Willard* v. *Pinard*, 44 Vt. 34; *Munger* v. *Tonawanda etc. R. R. Co.*, 4 N. Y. 349; 53 Am. Dec. 384; *Crandall* v. *Goodrich Trans. Co.*, 11 Biss. 516.)

*Hassett & Tevlin*, for Respondent.

The railroad company was guilty of negligence. (*McDonald* v. *Chicago etc. R. R. Co.*, 26 Iowa, 125; 96 Am. Dec. 114; *Stewart* v. *R. R. Co.*, 53 Tex. 289; 37 Am. Rep. 753; *Toledo etc. R'y Co.* v. *Grush*, 67 Ill. 284; Pollock on Torts, 363.) It was clearly in the province of the jury to find whether or not the plaintiff was negligent. (*Schierhold* v. *N. B. & M. R. R. Co.*, 40 Cal. 447; *Fernandes* v. *Sacramento City R. R. Co.*, 52 Cal. 45; *Chidester* v. *Consolidated Ditch Co.*, 59 Cal. 201; *Wilson* v. *S. P. Co.*, 62 Cal. 164.) The plaintiff was not guilty of contributory negligence. (*Franklin* v. *Motor Road Co.*, 85 Cal. 70; *Strong* v. *S. P. R. R. Co.*, 61 Cal. 328; Shearman and Redfield on Negligence, sec. 31; *Brassell* v. *N. Y. etc. R. R. Co.*, 84 N. Y. 246; *Whalen* v. *Arcata R. R. Co.*, 92 Cal. 671; *Terry* v. *Jewett*, 78 N. Y. 344.) The question as to whether there was contributory negligence upon the part of the plaintiff was for the jury to determine. (*Jamison* v. *S. J. & S. C. R. R. Co.*, 55 Cal. 593; *Schierhold* v. *N. B. & M. R. R. Co.*, 40 Cal. 447; *Franklin* v. *Motor Road Co.*, 85 Cal. 70; *Needham* v. *S. F. & S. J. R. R. Co.*, 37 Cal. 410; *Wilson* v. *S. P. R. R. Co.*, 62 Cal.

172; *McQuilken* v. *C. P. R. R. Co.*, 64 Cal. 463; *Ingerman* v. *Moore*, 90 Cal. 410; *Noyes* v. *S. P. R. R. Co.*, 92 Cal. 285; *Whalen* v. *Arcata R. R. Co.*, 92 Cal. 669.) The plaintiff's contributory negligence was a matter of defense to be proved by the defendant, as it did not affirmatively appear from the plaintiff's evidence. (*Nehrbas* v. *C. P. R. R. Co.*, 62 Cal. 334; *Robinson* v. *W. P. R. R. Co.*, 48 Cal. 426.)

PATERSON, J. — This is an action to recover damages for personal injuries received by plaintiff upon the defendant's platform at Reed's Station, Marin County. The jury returned a verdict in favor of plaintiff for the sum of seven thousand five hundred dollars, and judgment was entered accordingly. Defendant appealed from the judgment, and from an order denying its motion for a new trial.

The plaintiff testified that on the nineteenth day of May, 1888, she went from San Francisco to Reed's Station to attend a Sunday-school picnic. She returned to the station about 4 o'clock in the afternoon, and sat on the side of the platform until the train came along on its way from San Rafael to Tiburon. While waiting for the train, about one hundred people who attended the picnic were passing up and down the platform and sitting along on the ties. As the train approached, she arose, and while passing along the platform to reach the rear end of a car which she intended to board, she tripped against something and fell. As she fell she noticed that the obstacles were milk-cans fastened together. Upon attempting to rise, she found it impossible to do so, and subsequently discovered that she had sustained a fracture of the pelvis and dislocation of the left hip. On cross-examination, plaintiff testified that she did not know how far she walked after she arose from the side of the platform, and she could not tell how many people were upon the platform at the time, but they seemed to be all around her. When asked as to how far along the platform she could see as she was walking, she replied

that she was not looking at the platform at all, but was looking to see where she could get on the car; that she might have been in a little hurry, but did not know; that the cars were perfectly still at the time; that when the crowd started to go aboard, she followed; that it was perfectly light at the time; that the cans were lying about thirty feet from the place where she had been sitting, but she did not see them till she stumbled over them.

At the station there is a wooden building, fourteen by twenty-four feet, with a platform in front of it, extending to the first rail, and thirty feet in length. Between the rails of the track nearest the building the space is planked the same length as the platform attached to the station. Adjoining this there is a raised platform, 5 feet in width and 183 feet in length, raised 8 inches above the cross-ties. The station is one where trains stop for passengers or freight only upon receiving flag signals. The company keeps no agent there, and all freight received is left on the platform by the consignor, and taken up by the conductor and billed as per marks and instructions thereon. It is left upon the platform until the consignees take it away. There is a daily shipment of butter and milk from this station to the city. It is received at 6:20, A. M., and 5, P. M., and the empty cans and boxes are returned from San Francisco at 9:20, A. M., and 6:15, P. M., of the following day. The evidence shows that the cans could not conveniently be left at any other place than on the platform. The milk-cans and butter-boxes are carried in the baggage-car. At the time of the accident there were upon the platform two or more butter-boxes, and some milk-cans alongside of them. The cans and boxes were about the middle of the platform, with room enough to pass upon either side, — more room between the packages and the car than on the other side. The butter-boxes were two and a half feet wide, three feet long, and twelve or fourteen inches high.

The foregoing is the substance of all the testimony

introduced, except that relating to the character of the plaintiff's injuries and her sufferings.

The negligence complained of consists in the alleged failure of the defendant " to provide sufficient and safe access through and along the same [station] to its said cars, to wit, by allowing obstructions to be and remain therein"; and the question is, whether, upon the facts shown, the defendant was guilty of negligence. It is claimed by the appellant that if negligence be conceded, contributory negligence on the part of the plaintiff is clearly shown, and for that reason she cannot recover; but in view of our conclusion upon the question of defendant's negligence, it is unnecessary to pass upon that contention.

In Thompson on Carriers of Passengers it is said: "The carrier's liability in respect of the condition of his premises is neither greater nor less than that of any person to another, who, by invitation or inducement, express or implied, has come upon his premises for the purpose of transacting business. A duty of protection is owed to such persons by the carrier, but it is needless to remark that this does not amount to a warranty of the safe condition of the premises; neither is the carrier held bound to bestow upon their condition that extraordinary degree of vigilance which the law, from motives of the soundest policy, imposes upon him in regard to the carriage of his passengers. The passenger while in actual progress upon his journey is exposed to countless hazards, gives himself wholly in charge of the carrier. . . . . But a rule properly ceases with the reason for it; therefore, as a passenger's entrance to the carrier's station is characterized by none of the hazards incident to the journey itself, the rigor of the rule above announced is justly relaxed, in that at such a time and place the carrier is bound to exercise only a reasonable degree of care for the protection of his passengers." (*Pennsylvania Co.* v. *Marion,* 104 Ind. 242.)   "The rule in such cases is, that the carrier is bound simply to exercise ordinary care, in view of the dangers to be apprehended." (*Kelly*

v. *Manhattan R'y Co.*, 112 N. Y. 443.)  Whether there has been an exercise of such care depends upon the circumstances of the case, — the nature of the road, and the character of the traffic and place where the accident occurred.  Thus it has been held that " at a mere way or flag station, where trains do not regularly stop for the reception and discharge of passengers, and only stop when they are flagged, or to discharge a special passenger, a passenger need not expect or rely upon the company's having furnished a platform or other convenient place for the reception and discharge of passengers." (*Cincinnati etc. R. R. Co.* v. *Peters*, 80 Ind. 172.)  Accommodations of the same character cannot be expected in the cities and at way-stations.  Flag-stations like the one under consideration are established for the convenience of the inhabitants of sparsely settled territories as well as for the benefit of the company, and would have to be discontinued if the railroad companies were required to keep and maintain freight and passenger depots, with agents to care for the same.  At such stations the companies have the right to use the platform for depositing freight and for the accommodation of passengers.  (*Arkansas etc. R. R. Co.* v. *Canman*, 52 Ark. 525.)  The only question is, therefore, whether the defendant, acting as a reasonable person would under the circumstances, ought to have foreseen that such an accident might have happened.  If such an accident might reasonably have been anticipated by the defendant, the failure to remove the obstructions constituted actionable negligence; " for negligence in a legal sense is no more than this: the failure to observe, for the protection of the interests of another person, that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such other person suffers injury." (*Barrett* v. *Southern Pacific Co.*, 91 Cal. 302.)

We do not think it can be fairly said that the defendant ought to have anticipated that an accident would occur in broad daylight in consequence of leaving the packages on the platform.  "The company, as held in

some cases, cannot be expected to treat its passengers as children, or to put them under restraint. Passengers must take the responsibility of informing themselves concerning the every-day incidents of railway traveling, and the company could do business upon no other basis." (*Malcom* v. *R. R. Co.*, 106 N. C. 64.) It is the duty of railroad companies to give their passengers a reasonable time and opportunity to approach and leave their trains, and the duty is reciprocal. Passengers owe it to themselves and to the company to act with reasonable care in alighting from and boarding trains. (*McDonald* v. *L. I. R. R. Co.*, 116 N. Y. 548; 15 Am. St. Rep. 437; *Penn. R. R. Co.* v. *Lyons*, 129 Pa. St. 119; 15 Am. St. Rep. 701.) In *Cornman* v. *E. C. R. R. Co.*, 4 Hurl. & N. 781, it appeared that the company had on their platform, standing against the pillar which passengers passed in going to and from the train, a portable weighing-machine, the foot of which was elevated about six inches above the level of the platform. Plaintiff was at the station on Christmas day, inquiring for a parcel, when he was driven by the crowd against the machine, in which his foot became entangled, and was injured. The court held that there was no evidence of negligence to go to the jury, the machine being located where it might easily have been seen, and the accident not being one which could have been reasonably anticipated. (Reported in Thompson on Carriers of Passengers, 76.) In *Stokes* v. *R. R. Co.*, 107 N. C. 178, it appeared that the bridge across a ditch leading to the defendant's track was in good condition, except that one plank was slightly shorter than the other. The plaintiff, in the daytime, attempted to get on the train, but stepped into the hole caused by the short plank, and was injured. The court held that it was not actionable negligence.

The case is a sad one, the injuries and sufferings of the plaintiff being of a most distressing nature, but we cannot, without injustice to the company, and establishing an unwarranted and dangerous precedent, allow the verdict to stand on the evidence before us.

Counsel for respondent claims that the specifications of particulars in which the evidence is insufficient to support the verdict are fatally defective, but in this we think he is in error; they fully present all the points upon which the defendant relied on its motion for a nonsuit, and the motion for a new trial.

Judgment and order reversed.

GAROUTTE, J., and HARRISON, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.