## H. Ben Sims *v.* Knoxville Railway & Light Co.

### (*Knoxville.* September Term, 1918.)

1. CARRIERS. Passengers. When relation ceases.

Where the passenger steps from the car to the street, with intention of resuming his journey immediately on foot or by means other than the car, the relation of a carrier and passenger ceases. (*Post, pp.* 240, 241.)

Cases cited and approved: Street Railroad v. Boddy, 105 Tenn., 666; Keator v. Scranton Traction Co., 191 Pa., 102; Blomsness v. Puget Sound Electric R. Co., 47 Wash., 620.

2. CARRIERS. Treatment of passengers. Contract.

A passenger upon a street railway car is entitled on his journey to civil treatment from defendant's servants in charge of the car as a part of the contract of carriage. (*Post, p.* 241.)

Case cited and approved: Traction Co. v. Lane, 103 Tenn., 376.

3. CARRIERS. Passengers. Termination of relation. Tort of servant.

Where a passenger upon a street railroad car felt that he had been mistreated by the conductor after alighting from the front of the car according to a rule of the company, necessarily passed to the rear to get the number of the conductor to make his complaint, and while doing so, was assaulted by the conductor and injured, the company was liable. (*Post, pp.* 241, 242.)

---

) FROM KNOX.

---

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. Von A. Huffaker, Judge.

Fowler & Fowler, Wm. Baxter Lee and J. M. Meek, for appellant.

CHAS. H. SMITH, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought to recover damages, for injuries received by plaintiff at the hands of a conductor of one of the defendant's cars. At the conclusion of plaintiff's proof, the trial judge directed a verdict in favor of defendant, and judgment was entered accordingly. This judgment was reversed by the court of civil appeals.

We have granted defendant's petition for *certiorari* and heard full argument.

Plaintiff's evidence tends to show that he boarded a car of defendant in Knoxville with a party of relatives; that there was some discussion between him and the conductor as to the use of certain transfers plaintiff had; and that the conductor addressed offensive and profane language to him. The fares were adjusted, however, and plaintiff and his party proceeded into the car and took their seats. When the car reached their destination, these passengers alighted in the street, going out the front end of the car, according to custom, and plaintiff, conceiving that he had been insulted and mistreated by the conductor, passed at once alongside, before the car had started, to the rear platform, where the conductor was stationed, in order that he might get the latter's number, and report him to the managing officials of the company.

Plaintiff apprised the conductor of this intention, and then, according to plaintiff's evidence, the conductor, without other provocation, immediately descended from the platform, and made a violent assault on plaintiff

with a large metal handle bar used for opening the car door, inflicting severe injuries.

The determinative inquiry, it is conceded, is whether plaintiff had ceased to be a passenger at the time of this assault.

The general rule is that one ceases to be a passenger of a street car company when he steps from the car to the street. The street is a public place, over which the carrier has no control, and when a passenger safely alights there, his relation with the carrier determines, and he becomes merely a traveler on the highway. *Street Railroad* v. *Boddy*, 105 Tenn., 666, 58 S. W., 646.

This case and others sustaining the general rule are cases, however, where the passenger alights with the intention of resuming his journey immediately, on foot, or by other means than the car. They are cases in which the passenger at once becomes a traveler on the highway, and thus severs his relation with the street car company.

Even under such circumstances, it would seem that if injured before passing away from the car by negligent efforts of the servant of the carrier to reverse the trolley pole, he might still be regarded as a passenger entitled to protection from such an act as this. *Keator* v. *Scranton Traction Co.*, 191 Pa., 102, 43 Atl., 86, 44 L. R. A., 546, 71 Am. St. Rep., 758.

The Washington court soundly held, as we think, that one who paused in the street after alighting from a car and continued to demand a transfer, to which he was entitled, but had not procured on the car by reason of some misunderstanding, was still to be regarded as a passenger, and for an assault made on him so situated by the conductor, the company was liable. *Blomsness* v.

*Puget Sound Electric R. Co.*, 47 Wash., 620, 92 Pac., 414, 17 L. R. A. (N. S.), 763, 14 L. R. A. (N. S.), 213.

There are numerous cases where a street car company has been held liable for its servant's assault on a passenger who had lighted in the street, when the assault grew out of and was a continuation of a difficulty on the car. Note, 17 L. R. A. (N. S.), 768. It is fair to say, however, that on the record before us, there was no immediate connection between the trouble that occurred when plaintiff entered the car and the subsequent attack on him by the conductor. This prior dispute subsided and plaintiff rode several miles before he left the car and was assaulted.

It is obvious from the foregoing that even in street car cases, the passenger does not in every instance lose all his rights the moment he steps into the highway. There are exceptions to the rule, and we think the present controversy should be made an exception.

The plaintiff was entitled on his journey to civil treatment from defendant's servants in charge of the car. This was part of the contract of carriage. *Traction Co.* v. *Lane,* 103 Tenn., 376, 53 S. W., 557, 46 L. R. A., 549.

Such an obligation is generally recognized by our transportation companies, who in their advertising matter and by signs posted in their vehicles and waiting rooms invite their passengers to report any discourteous treatment by employees. At any rate, the obligation exists and the plaintiff was entitled to procure the number of this employee, make complaint of his conduct, and obtain reparation for the same, if of sufficient legal gravity.

141 Tenn.—16

According to the evidence of plaintiff he did not alight from the car with the intention of immediately resuming his journey. He did not at once become a traveler on the highway. He stepped from the front platform with the idea of passing alongside of the car to the rear platform to get the conductor's number. He did this instantly before the car started, and in so doing we think he was taking a proper and necessary step toward the enforcement of his rights under the contract of carriage between himself and the defendant. The entire occurrence was but an unpleasant incident of the particular transportation, an inseparable detail of this passage.

If, as suggested by counsel for plaintiff, the latter had, before alighting, walked through the car to the rear platform to obtain the conductor's number, and had been attacked under these circumstances, it would scarcely have been insisted that the company was not liable. It can make no difference to the company that in compliance with its rules to promote convenience in loading and unloading, plaintiff went out through the front and walked back alongside the car for the purpose indicated.

The facts of this case are novel, but we are satisfied that the conclusion reached is sound, and a contrary holding would be detrimental to good service and the interests of the traveling public.

On the foregoing theory of his case, which was supported by his proof, it was error to direct a verdict against plaintiff, and the judgment of the court of civil appeals, which reversed the judgment below and remanded the case for trial, will be affirmed.