[Civ. No. 14426. Second Dist., Div. Two. Jan. 10, 1945.]

LILLIAN J. McALPINE, Appellant, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Respondent.

Clyde C. Downing for Appellant.

Gibson, Dunn & Crutcher and E. H. Chapman for Respondent.

WOOD (W. J.), J.—Plaintiff commenced this action to recover for damages suffered when she was injured after she had alighted from a streetcar operated by defendant. A jury returned a verdict in favor of defendant and plaintiff has appealed from the ensuing judgment.

There is no dispute as to the facts. Plaintiff was a passenger on one of defendant's cars on June 16, 1942. When the car stopped at 7th and Hill Streets in Los Angeles she alighted from the car and stepped into the loading zone and walked along the loading zone to its end, a distance of about 50 feet, with the intention of transferring to another car. At the end of the loading zone she stood inside the painted white line waiting for the traffic signal to change. A streetcar which had stopped in front of the car from which plaintiff had alighted passed on, followed by the car in which plaintiff had been a passenger. After this car had resumed its forward motion a man named Ward came from the curb and boarded the rear steps of the car at approximately 10 feet from plaintiff. His hips protruded into the loading zone and as the rear of the car passed, plaintiff was struck by the protruding hips and was knocked down. The conductor of the streetcar had signaled to the motorman to proceed after observing that the steps were clear. The motorman had observed through his rear window that the rear steps were clear when he started the car.

Plaintiff now contends that the court erred in giving to the jury the following instruction: "I instruct you that at the time of the happening of this accident Section 80.46 of the Los Angeles Municipal Code, as found in Ordinance No. 77,000, provided as follows: 'No person shall board or alight from any street car or vehicle while such street car or vehicle is in motion.' I further instruct you that a violation of the section which I have just read to you is negligence as a matter of law. If you find from the evidence in this case that after the street car from which plaintiff had previously alighted had started and was in motion and while in motion a person attempted to board the steps at the rear end thereof and that in so doing his body projected out into the loading zone and struck plaintiff as the car was passing her position, and if you further find that such was the sole, proximate cause of the injuries sustained by plaintiff, then I instruct you that there can be no recovery by plaintiff in this case and your verdict must be against the plaintiff and in favor of the defendant."

The foregoing instruction is a clear statement of the rule applicable to the facts of the present case. In arguing that the court should not have given this instruction plaintiff asserts that she was not among the class of persons for whose

benefit the ordinance was enacted. We find no merit in this contention. The ordinance was enacted for the benefit of the public generally. (*King* v. *San Diego Elec. Ry. Co.*, 176 Cal. 266 [168 P. 131].)

Plaintiff complains of the refusal of the court to give to the jury the following instruction: "If you find from the evidence that the defendant in the exercise of its duty to passengers as defined in the instruction just given, could have adopted some means of preventing passengers from boarding or attempting to board the street car involved in the accident while the same was in motion, and that the adoption of such equipment would have prevented Edward Ward from attempting to board said street car and from standing on the steps thereof while in motion, then the failure to provide such equipment would be negligence."

We find no error on the part of the court in rejecting this instruction. It was not shown in evidence that Ward was standing on the steps of the car, nor was it shown that plaintiff was at the time of the accident a passenger to whom defendant owed a duty as such. The relation of passenger and carrier terminates when a passenger alights upon a public street and clears the car from which he alights. (*Choquette* v. *Key System Transit Co.*, 118 Cal.App. 643, 652 [5 P.2d 921].) In this case plaintiff had not only alighted from the car but had walked a distance of about 50 feet along the safety zone. Moreover, the instruction would have told the jury, in effect, that the carrier would be liable if it had been *possible* to adopt means of preventing passengers from boarding a car in motion. The court did in fact properly instruct the jury that it was defendant's duty to keep pace with science, art and modern improvements, and that it must exercise the highest degree of care towards its passengers, but plaintiff could not demand that the court instruct the jury that defendant was bound to provide "every possible preventive which the highest scientific skill might suggest" (*Treadwell* v. *Whittier*, 80 Cal. 574, 593 [22 P. 266, 13 Am.St. Rep. 175, 5 L.R.A. 498]).

Complaint is made by plaintiff of the refusal of the court to give the following instruction: "I instruct you that the law of this state requires a carrier of passengers for reward to use the utmost care and diligence for their safe carriage, and if you find from the evidence submitted in this

case that the plaintiff was a passenger upon one of the defendant's cars, and that before she had a reasonable opportunity to reach a place of safety upon alighting from said car she was struck by an obstruction attached to the car from which she had alighted, then the burden is cast upon the defendant to prove that the injury was occasioned by an inevitable casualty, or some other cause which human care and foresight could not prevent, or by the contributory negligence of the plaintiff."

The court ruled correctly in refusing to give this instruction. There is no evidence that plaintiff was struck by an "obstruction attached to the car" and, as we have seen, plaintiff had ceased to be a passenger when she was struck by Ward's protruding body. The instruction in effect attempts to inject into the case the doctrine of res ipsa loquitur, a doctrine which clearly is inapplicable.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.