[Civ. No. 16470.    First Dist., Div. One.    Nov. 4, 1955.]

GREGORY LILLEY, a Minor, etc., et al., Respondents v. KEY SYSTEM TRANSIT LINES (a Corporation), Appellant.

738

Donahue, Richards, Rowell & Gallagher for Appellant.

Robert A. Kaiser for Respondents.

WOOD (Fred B.), J.—The jury awarded the minor plaintiff $1,250 for personal injuries and his father $273 for medical expenses incurred. Defendant moved for and was denied a new trial and then appealed from the judgment. It claims error in the admission of certain testimony, the allowance of an amendment to the complaint, and the giving and refusing of certain instructions.

(1) *Over the objection that it was not rebuttal testimony, plaintiffs were allowed, during their rebuttal, to adduce evidence that was really a part of their case in chief.*

The order of proceedings at a trial is within the sound discretion of the court; e.g., after the plaintiff has adduced evidence on his part and defendant has put in his defense, they "may respectively offer rebutting evidence only, unless the court, for good reason, in furtherance of justice, permit them to offer evidence upon their original case." (Code Civ. Proc., § 607.)

Here, defendant did not claim surprise or that the defense was prejudiced by allowing this testimony out of order; nor did it move for a reasonable continuance to meet the situation thus presented. It claimed merely that this was "improper" rebuttal testimony. This testimony was not upon a new subject. It bore directly upon matters mentioned in plaintiffs' opening statement and concerning which testimony had already been received. Also, it was adduced on a Monday and there was evidence that the witness was

out of the state the preceding week (during which plaintiffs presented their case in chief), that plaintiffs' counsel found the witness on the preceding day (Sunday) and then went out to talk to her.

Under these circumstances we find no abuse of discretion in the allowance of this testimony out of order.

■ (2) *Defendant claims it was reversible error to allow plaintiffs, during their rebuttal, to amend the complaint to allege that the minor plaintiff was a passenger of defendant at the time he was injured.*

This, too, is a matter that rests in the sound discretion of the trial court. The evidence showed that the injury occurred shortly after plaintiff got off defendant's bus. Defendant's objection was that the motion was "untimely"; that plaintiffs' counsel had known for at least 11 months that the boy was possibly a passenger; and that it was not fair to expect a defendant retroactively to defend a case on the basis that plaintiff was a passenger rather than a member of the ordinary public. Nothing further was then said by the defendant concerning any possible prejudice to the defense and no request was made then or later during the trial for an opportunity to adduce further evidence on that subject, nor for a continuance therefor.

Under these circumstances (see cases collected in 2 Witkin on California Procedure 1605-1606 and 1611-1613) we find no abuse of discretion in the allowance of the amendment.

■ (3) *Defendant says that the minor plaintiff was obviously not a passenger at the time of the accident; therefore, instructing the jury on the carrier-passenger relationship and the degree of care required of a carrier was prejudicial error.*

The weakness of this argument lies in the premise that he "obviously" was not a passenger. We cannot say that as a matter of law. There was evidence for the jury to determine as a fact whether the passenger relationship still existed or not.

There was evidence that the bus was crowded with school children, some standing in the aisles. They were very noisy, there was quite a bit of yelling. The windows were open and children were leaning out the windows. The bus stopped and plaintiff got out the back door. The front end of the bus was a foot or two from the curb, the back was about five feet from the curb. Plaintiff, when he alighted, started to walk alongside and waved to his boy friends when one of the

boys, leaning out of a window, grabbed plaintiff's hand and in a couple of seconds the bus started. He was a foot or two from the bus at the time. Plaintiff then fell and the bus ran over his foot. The bus driver, who had had this school bus for some time, admitted the windows could have been open and that children could have been riding with their heads out of the windows. He had seen them doing it before. It was a usual occurrence for the children to do so. The children on the bus yelled to the driver to stop (immediately after the accident), a fact which the driver denied.

This evidence presented a question for determination by the jury: Did the minor plaintiff have a reasonable opportunity to leave the bus, had he safely left the bus, when the accident occurred (*Boa* v. *San Francisco-Oakland Terminal Rys.*, 182 Cal. 93, 98-101 [187 P. 2])? Had plaintiff reached a place outside the sphere of any activity of the carrier which might reasonably constitute a mobile hazard to him as a passenger (*Dayton* v. *Yellow Cab Co.*, 85 Cal.App.2d 740 745 [193 P.2d 959])?

In cases upon which defendant relies, it either clearly appeared, or the trier of the facts had found upon sufficient evidence, that the passenger had reached a place outside the sphere of danger: *Choquette* v. *Key System Transit Co.*, 118 Cal.App. 643 [5 P.2d 921], passenger had left streetcar and walked to a train crossing, where she was hit by a train; *McAlpine* v. *Los Angeles Ry. Corp.*, 67 Cal.App.2d 486 [154 P.2d 911], passenger had alighted, stepped into a loading zone and walked 50 feet to front end of zone; *MacLean* v. *City & County of San Francisco*, 127 Cal.App.2d 263 [273 P.2d 698], passenger, after alighting, stepped upon a slippery substance on the street and fell. *Cary* v. *Los Angeles Ry. Co.*, 157 Cal. 599 [108 P. 682, 21 Ann.Cas. 1329, 27 L.R.A.N.S. 764], is inapplicable because defendant was not negligent The motorman started in response to an unauthorized bell signal rung by a passenger, which the conductor immediately countermanded.

Moreover, defendant is not in a position to complain, for upon its request the court gave two instructions upon this very subject. (See cases collected in 4 Cal.Jur.2d 422 at 423, Appeal and Error, § 557.)

■ (4) *Defendant complains of the refusal to give its instruction on "unavoidable or inevitable accident."* The gist of the instruction was a definition of that term as simply denoting "an accident that occurred without having been proximately caused by negligence."

That subject was adequately covered by instructions which the court gave on "negligence" and "proximate cause." As said in *Parker* v. *Womack*, 37 Cal.2d 116 [230 P.2d 823], *"if the accident was inevitable or unavoidable that is the same thing as to say that the defendant was not negligent, or that his negligence, if any, did not cause the accident. In other words, it is to say that the plaintiff has failed in his proof."* (Pp. 121-122, quoting an earlier case. See also *Johnston* v. *Orlando*, 131 Cal.App.2d 705, 711-712 [281 P.2d 357].)

(5) *Defendant claims, also, prejudicial error in the court's refusal to give its proffered instruction on proximate cause,* but the subject matter of that instruction was fully and adequately covered by instructions which the court did give.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied December 2, 1955, and appellant's petition for a hearing by the Supreme Court was denied December 28, 1955. Schauer, J., and Spence, J., were of the opinion that the petition should be granted.