LOUISA VILLA *vs.* UNITED ELECTRIC RAILWAYS CO.
CARLO VILLA *vs.* SAME.

JUNE 11, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. These are two actions of trespass on the case for negligence brought by Louisa Villa and her husband to recover damages resulting from injuries sustained by Louisa Villa as she approached a street car of defendant on Pawtucket avenue with the intention of boarding said car. The cases were tried together and resulted in a verdict for each plaintiff. Defendant's motions for new trials were denied by the trial justice and the cases are in this court on defendants' bills of exceptions.

The facts are as follows: On April 29, 1929, Mrs. Villa and her sister, having completed an errand at a business establishment on Pawtucket avenue, started to walk on the sidewalk in the direction of Pawtucket. After walking a short distance they stopped at a white pole to wait for a street car. After waiting a while they walked to another white pole where they remained for five minutes until a street car came along. Pawtucket avenue in this vicinity at the time was in process of reconstruction. Cobblestones had been removed from the street gutter and placed in low piles along the sidewalk about three feet inside of the curb. Between these piles and the curb the ground was soft as a result of preparations made to lay gas pipes. Near the white pole where Mrs. Villa was standing was a clear space where a person could board a street car without stepping over the stones. The surface of the highway was about

one and one-half feet below the curb; it had been rolled by a steam roller and was in condition to be used by foot passengers. As the plaintiff was waiting a trolley car approached the white pole and came to a stop; the rear door was about three yards beyond the white pole. The motorman testified that he stopped at this place so that the front of his car was on Sayles avenue where an easy and safe entrance could be made into the car and that he motioned to the plaintiff, her sister and another woman who were standing at the white pole to enter at the front of the car. The three women started toward the car and two of them stepped safely over the cobblestones and entered the car by the rear door. Plaintiff followed the other women, stepped over the stones and as she started to take the next step she stumbled over a loose cobblestone which was on the sidewalk or in the gutter; she fell to the ground and struck her leg against the lower step of the trolley car and was injured.

At the time Mrs. Villa was carrying a box in her hand. She says that she was looking at the car but did not see the stone over which she fell, until after her fall, and that when she fell the other two women were on the car. Notwithstanding this statement she claims that she was following the other women so closely that she failed to see the stone over which she stumbled.

The alleged negligence of defendant is in stopping its trolley car on a public highway to receive passengers at a place where it was unsafe for them to board the car.

At the time of the accident Mrs. Villa was not a passenger; she was still a traveler on a public highway over which defendant had no control and for the condition of which it was not responsible. The status of a passenger is not created simply by the intention and the preparation to become a passenger; the fact that a person is injured while approaching the premises or vehicle of a common carrier with the intent of becoming a passenger does not, as a general rule, charge the carrier with the duty of the exercise of the high degree of care owed by a carrier to a passenger.   3

Thompson on Negligence, § 2641; *Duchemin* v. *Boston Elevated Co.*, 186 Mass. 353. Passengers on street railways are usually received from and discharged upon the surface of the street. Mrs. Villa when injured was still a traveler on a public highway. She had done nothing which gave defendant any right to control her actions nor had she placed herself in the care of defendant. She had not entered the premises or the vehicle of the carrier; she could stop or proceed on the highway as she chose.

It was daylight, and the condition of the street and the position of the trolley car could easily be seen. The stopping of the car was an invitation for her to enter, but an invitation which she was under no compulsion to accept. Such an invitation was not negligence nor the violation of any duty owed to plaintiff by defendant. The carrier was not responsible to Mrs. Villa for her safe passage from the sidewalk to the car. The proximate cause of her injury was not the invitation to become a passenger but the unsafe condition of the sidewalk and street, or her own contributory negligence. There was no causal connection between the operation of defendant's car and the unsafe condition of the street which Mrs. Villa voluntarily proceeded to walk upon. As the defendant was not guilty of negligence, the refusal of the trial court to direct a verdict was erroneous. The exception of defendant on this ground is sustained.

An additional reason for the direction of a verdict is because from Mrs. Villa's own testimony, it is clear that she was guilty of contributory negligence. She deliberately walked into a place of danger without looking or seeing an obvious danger. She says she saw the stone in the street after she stumbled and fell to the ground. She could have seen it before she fell if she had looked; she is consequently and properly held to be negligent if she failed to see what she could have seen if she had looked.

It is unnecessary to consider the other exceptions. The parties may appear on the 17th day of June next to show

cause why judgment in each case should not be entered for the defendant.

*William A. Gunning, Oreal Grossman,* for plaintiffs.
*Clifford Whipple, Frank J. McGee,* for defendant.