### Fowler v. Randle.

Oct. 4, 1940.

Joe L. Price, Judge.

L. B. Alexander for appellant.

Adrian H. Terrell for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

This appeal is from a judgment sustaining a demurrer to appellant's petition and dismissing it in an action by her against the appellee for personal injuries alleged to have been received by her by reason of stepping in a hole when about to board appellee's taxicab.

The allegations of the petition are in substance that on 8th Street in Paducah appellant signalled to appellee for the purpose of becoming a passenger in his taxicab and that appellee responded to this signal by bringing his taxi to a stop for the purpose of receiving her as a passenger; that, in so doing, instead of stop-

ping on 8th Street, he turned to his right and entered a private gravel driveway; that this driveway had been constructed by placing gravel over an iron pipe in a gutter which left a considerable hole or step-off on the side of the driveway at the end of the pipe; that it was dark at the time and that the taxi stopped with its right side very near to the hole referred to and that on account of danger by reason of traffic she approached the right side, rather than the left, of the taxi to enter and that as she was about to enter, and while reaching for the handle of the door, she stepped into the hole and was caused thereby to fall and receive personal injuries. It is alleged that due to the darkness and the proximity of the side of the cab to the hole she did not discover the hole and could not by the exercise of ordinary care have discovered it.

In sustaining a demurrer to the petition and dismissing it, the trial court was of the opinion that the relation of carrier and passenger had not been created and that therefore no duty was owing by the appellee to appellant. The only question to be determined is the correctness of the trial court's ruling on this point for if the relation of passenger and carrier had been created appellee owed appellant the duty to stop his taxi at a point on the street reasonably safe for her to enter, having regard for the general condition of the street at the point at which he stopped.

A taxicab company transporting passengers for hire is a common carrier and under the duty to exercise the highest degree of care exercised by prudent and skillful persons in the operation of taxicabs. Dix v. Gross, 271 Ky. 231, 111 S. W. (2d) 673; Shelton Taxi Company v. Bowling, 244 Ky. 817, 51 S. W. (2d) 468. And this prudent operation of a taxicab necessarily includes the duty of stopping the cab at a reasonably safe place for the passenger to make an entry having regard for the condition of the street at the point where passage is engaged.

There seems to be some conflict of authority as to when the relation of carrier and passenger is created but it is generally held that the mere giving of a signal to stop with the intention on the part of one to become a passenger does not create the relation. However, it is uniformly held that where a car stops on the signal of

one desiring to ride as a passenger and this is followed by an attempt to enter the car, as by placing a foot on the steps thereof the relationship of carrier and passenger exists. See 10 Am. Jur., page 33, and cases therein cited. In the instant case, however, while the appellant had signalled the taxi to stop and the taxi had responded to this signal by pulling into the driveway and stopping, appellant, the intended passenger, had not placed a foot on the steps of the taxi but was merely reaching for the door preparatory to opening it and entering. We see little difference, however, between this situation and the one in which the intended passenger has actually made physical contact with the vehicle into which entry is to be made and, in view of the allegations of the petition that at the time she received her fall appellant was actually reaching for the handle of the door, we are of the opinion that the circumstances alleged were such as to create the relationship of carrier and passenger. The authorities generally seem to support this position. In Shelton Taxi Company v. Bowling, supra, it is pointed out that the payment of fare is not necessary to create the relation of carrier and passenger where the contract of carriage had actually been made. Undoubtedly the circumstances alleged in the petition created a contract of carriage for the taxi driver had stopped on signal and the appellant was actually engaged in the act of entering the taxi although she had not made actual physical contact with it. In Karr v. Milwaukee Light, Heat & Traction Co., 132 Wis. 662, 113 N. W. 62, 64, 13 L. R. A., N. S., 283, 122 Am. St. Rep. 1017, the court said, "when the plaintiff in good faith signaled the approaching car in the regular and recognized manner, and the motorman responded to that signal by whistle or the act of setting his brake, the plaintiff became a passenger"; and in Carney v. Cincinnati Street Ry. Co., 8 Ohio Dec. 587, 39 Wkly. Law Bul. 49, it was held that where the plaintiff had signalled a car and the car had stopped for her she had virtually become a passenger. To the same effect is Rice v. Mich. R. Co., 208 Mich. 123, 175 N. W. 454. In Vrooman v. Harvey, Mo. Sup., 197 S. W. 118, and Devoy v. St. Louis Transit Co., 192 Mo. 197, 212, 91 S. W. 140, it was held that where a motorman responds to a signal and stops it is presumed, in the absence of evidence to show that the stop was for some other purpose, that the stopping is in answer to the signal and that the contract

of carriage is complete. It appears to us that the holding in these cases is sound and logical and we cannot escape the conclusion that under the circumstances alleged in the petition the relation of carrier and passenger had been created.

It is true that in Hensley v. Braden, 262 Ky. 672, 91 S. W. (2d) 34, it was pointed out that the duties of the operator of a taxi to his passenger are distinguishable from those of a commercial railway as to the duty imposed upon him to furnish safe passage to and from a car because the taxi driver has no station or platform and can erect none on the highway, and it was said that a taxi driver who permits a passenger to alight from a car at a place not ordinarily used in discharging passengers and where there is much traffic is not bound to warn the passenger of the danger of passing traffic or protect him from such danger after he has left the car, since these conditions are as apparent to the passenger as to the operator of the taxi. Certainly, however, where the relation of carrier and passenger has been created, the taxi operator is not justified in leading his intended passenger, whom to all intents and purposes he has accepted as a passenger, into a trap. In selecting a place on the street for his passenger to enter he must exercise care to select a point on the street reasonably safe for that purpose. We are, of course, not concerned with the question of contributory negligence. If the danger was as open and obvious to the appellant as to the taxi driver, then the appellant would be barred of recovery by reason of contributory negligence but, according to the allegations of the petition, she did not discover the danger and could not have discovered it by the exercise of ordinary care.

We are of the opinion that the petition stated a good cause of action and that the trial court was in error in sustaining the demurrer and dismissing it.

Judgment reversed for further proceedings consistent with this opinion.

Whole court sitting, except Judge Perry.