CHARLES GEREAU, JR., *p.a. vs.* RITA PARENTEAU.
CHARLES GEREAU, SR. *vs.* SAME.

JUNE 29, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. These two actions of trespass on the case for negligence are before us on bills of exceptions by the respective plaintiffs, who are father and son, to the ruling of a justice of the superior court sustaining a substantial demurrer to the declaration in each case. Since the father's case depends upon the son's right to recover we shall hereinafter refer only to the latter's case, our decision, however, applying to both.

The declaration alleges that the defendant, her agents or servants, operated an automobile "for the purpose of carrying for hire members of the general public as passengers"; that on September 30, 1949 plaintiff's father hired the automobile to transport members of his family, including the plaintiff; that at that time the automobile was "unlawfully parked" on Main street in the town of West Warwick in this state; that "as a result of the defendant's negligence, as aforesaid, the plaintiff became obligated to walk out, for the purpose of entering the front seat of defendant's vehicle, onto the traveled portion of Main Street, a heavily traveled highway"; and that while so pro-

ceeding he was struck by the automobile of a third person and injured. We note here that the declaration does not allege that the driver of defendant's automobile did anything, either by words or conduct, to direct or induce the plaintiff to walk out onto the highway.

Plaintiff's contention in effect is that the defendant, a common carrier, failed to discharge the duty owed him as a passenger because by negligently parking the automobile on the wrong side of the street she created a situation "requiring one of the four intended passengers to go out onto the traveled portion of the highway for the purpose of boarding the vehicle." In so contending plaintiff assumes that the contract for prospective carriage was sufficient in itself to establish the relation of carrier and passenger. We have found no case and none has been cited to us that goes to such extent. The cases relied upon by plaintiff, among which are *Tilden* v. *Rhode Island Co.*, 27 R. I. 482, *Roden* v. *Connecticut Co.*, 113 Conn. 408, *Gazaway* v. *Nicholson*, 190 Ga. 345, and *Weidenmueller* v. *Public Service Interstate Transportation Co.*, 129 N.J.L. 279, are clearly distinguishable from the instant case in that in all of them the court was dealing with the care to be exercised by a carrier towards a plaintiff, admittedly a passenger, while alighting from a public conveyance. For instance, in the *Tilden* case the defendant stopped the electric car to allow the plaintiff to alight at a place where there was a depression of long standing so near the rail of the track that the running board of the car hid the depression from view of a passenger in leaving the car. Except for factual variations, the issue was the same in all the other above-mentioned cases.

The basic question in the case at bar is quite different. Here the controlling issue is whether plaintiff was a passenger at the time of the accident. Plaintiff has called to our attention and strongly relies on the case of *Fowler* v. *Randle*, 284 Ky. 164, which seems to lend some color to his contention, but this is so only if certain language of the opinion

is disassociated from its context. In that case defendant demurred to plaintiff's petition which, in so far as material, alleged that plaintiff signaled to a taxicab for the purpose of becoming a passenger. Instead of stopping on the street the driver of the taxicab turned into a private driveway and, due to darkness, stopped the vehicle with the door of its right side near a hole in the driveway. Plaintiff approached the taxicab from that side and "while reaching for the handle of the door" and "about to enter" the taxicab she stepped in the hole and was injured.

When the *Fowler* case is closely read it is apparent that, although it states that a carrier and passenger relation originates in a contract, the court did not say that such relation was created merely by the contract, as the plaintiff in effect contends in the case at bar. Although in that case the court recognized the fact that at the time of the accident the plaintiff was not really in or upon the taxicab, yet, at page 167, it said that in view of petitioner's allegations that when she fell she was "actually reaching for the handle of the door" the relation of carrier and passenger had been created. And, at page 168, it further said that the operator of the taxicab was not "justified in leading his intended passenger, whom to all intents and purposes he had accepted as a passenger, into a trap." The facts in the *Fowler* case are so different from those alleged in the declaration under consideration as to require no further discussion.

A person must be in the position of a passenger within the legal acceptance of that term before a carrier is called upon to exercise for his safety the highest degree of care and foresight consistent with the orderly conduct of its business with respect to all matters under its control. *Adams v. United Electric Rys.*, 46 R. I. 312; *Gillogly v. New England Transportation Co.*, 73 R. I. 456. It is difficult to define the legal meaning of the word "passenger" so as to encompass all the possible circumstances under which the relation of carrier and passenger may exist as a matter of law. However, it may be said that it is generally held that a person

is not a passenger in a legal sense unless it appears, either directly or by reasonable implication, that he has placed himself in some substantial sense in the custody or under the control of the carrier. *Duchemin* v. *Boston Elevated Ry.*, 186 Mass. 353; *Donovan* v. *Hartford Street Ry.*, 65 Conn. 201; *Klingensmith* v. *West Penn Rys.*, 279 Pa. 336. 7 A.L.R. 2d 552. The question of whether a person is a passenger therefore depends upon the particular facts of each case.

A situation similar to the one in the instant case was before this court in *Villa* v. *United Electric Rys.*, 51 R. I. 384, where defendant was charged with negligence in stopping its trolley car on the public highway to receive plaintiff as a passenger at a place allegedly unsafe for her to board the car. The proof showed that the street was in process of reconstruction where the car had stopped and that the plaintiff was injured when she fell as a result of stumbling over a loose cobblestone in the street while going from the sidewalk to the car. On exceptions after verdict for the plaintiff this court held that a verdict should have been directed for the defendant because, as appears at page 386 of the opinion, plaintiff at the time of the accident "was not a passenger; she was still a traveler on a public highway over which defendant had no control and for the condition of which it was not responsible. The status of a passenger is not created simply by the intention and the preparation to become a passenger; the fact that a person is injured while approaching the premises or vehicle of a common carrier with the intent of becoming a passenger does not, as a general rule, charge the carrier with the duty of the exercise of the high degree of care owed by a carrier to a passenger."

The allegations of the declaration in the instant case bring it clearly within the decision in the *Villa* case, which is supported generally by the authorities. Since plaintiff bases his entire declaration on an alleged relationship of carrier

and passenger and since in our judgment such relationship did not exist on the facts alleged, there is no merit in his further contention that because the automobile was parked on the wrong side of the highway a trier of the facts could find that such parking alone was the proximate cause of the accident based on some other theory.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for further proceedings.

*Charles J. Bourgault,* for plaintiffs.

*Adler & Zucker, Martin M. Zucker,* for defendant.