## WEBSTER v. CAPITAL TRANSIT CO.
### No. 11376.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 14, 1952.

Decided Nov. 13, 1952.

---

1. D.C.Code 1951, § 22–2801.

2. D.C.Code 1951, § 22–1901.

Joseph D. Bulman and Sidney M. Goldstein, with whom Joseph S. Cullins, Jr., Washington, D. C., was on the brief, for appellant.

George D. Horning, Jr., Washington, D. C., with whom Frank F. Roberson, Washington, D. C., was on the brief, for appellee.

Before CLARK, PRETTYMAN and PROCTOR, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from a ruling of the United States District Court for the District of Columbia granting appellee's motion for a directed verdict in an action for damages due to personal injuries. Appellant was injured when a crowd shoved her against a slowly moving street car as it approached a loading platform on which she was standing preparatory to boarding the car. According to appellant, the platform was badly overcrowded, as it was every day at that hour by employees released from work at a nearby government office. She sought damages from appellee on the theory that she had attained the legal status of a passenger and that her injuries had resulted from appellee's failure to exercise the highest degree of care to protect her from the actions of the crowd. In the alternative, she asserted that at the very least she was a business invitee, appellee having impliedly invited her to use the platform for the purpose of boarding a street car.

The platform in question was built by the District of Columbia government under the provisions of a statute which places upon the District responsibility for construction of street car loading platforms, and upon appellee responsibility for maintenance of platforms after construction has been completed. However, responsibility for maintenance does not give appellee such interest in the platform as would bring this matter within the criteria of the railroad station cases. There was no obligation growing out of ownership or control because the platform was neither the property nor under the control of appellee, and there is no regulation by any responsible governmental agency imposing upon appellee an obligation to care for persons on the platform as though they were passengers.

At the same time, we are not persuaded that appellant was a business invitee and hence entitled to some special care at the hands of appellee. The platform was provided by the District of Columbia government for loading passengers, and an order of the Public Utilities Commission that the platform be so used is no invitation on the part of appellee to appellant.

We need not state in what circumstances or at what point appellee becomes responsible for the safety of its passengers, but we agree with the District Court that appellee was free from obligation to appellant and that there was no negligence on the part of appellee. The ruling granting appellee's motion for a directed verdict is

Affirmed.