Trudy F. BAKER, Appellant,

v.

**D. C. TRANSIT SYSTEM, INC.,**
a corporation, Appellee.

No. 4293.

District of Columbia Court of Appeals.

Argued Oct. 7, 1968.

Decided Jan. 8, 1969.

---

Joel D. Sacks, Washington, D.C., for appellant.

Anthony E. Grimaldi, Washington, D.C., for appellee. Wilmer S. Schantz, Jr., Washington, D. C., was on the brief for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

MYERS, Associate Judge:

Appellant fell when she caught her heel in a crack in a cement block where she was waiting for a bus. She sued the bus com-

pany to recover damages for her alleged injuries. At trial, at the conclusion of her case, appellee moved for a directed verdict. The judge denied the motion and submitted the case to the jury, which returned a verdict in appellant's favor. Appellee thereupon moved for judgment *non obstante veredicto*. From the granting of this motion, the present appeal was taken.

■■■ On a motion for a directed verdict, in an action founded upon negligence, the trial judge must construe the evidence most favorably to the plaintiff. The question of law presented is not whether there is any evidence—a mere scintilla is not sufficient—but whether there is any upon which a jury could properly find a verdict for the party upon whom the onus of proof is imposed. Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142 (1944). If the evidence so considered fails to establish negligence on the part of the defendant, the case should not be submitted for determination by the jury but should be decided, as a matter of law, in the defendant's favor by the trial judge. In the present case, by denying appellee's motion for a directed verdict and submitting the case to the jury, the trial judge followed the recommended procedure and reserved for later decision the legal questions presented by the motion which were properly raised, after the verdict was returned, by appellee's motion for judgment n. o. v. Knight v. Handley Motor Co., D.C.App., 198 A.2d 747 (1964); Lancaster v. Canuel, D.C.App., 193 A.2d 555 (1963); Rule 50(b) of the trial court. See also Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147 (1940).

■■■ In reviewing the action of the trial judge in granting appellee's motion for judgment n. o. v., we must balance the evidence against the judge's determination and in favor of the jury's. The question for us is not whether there is sufficient evidence in the record to support the findings and decision of the judge, but whether there is evidence upon which reasonable men might differ as to negligence and other elements of liability; whether a jury of reasonable men could properly have reached a verdict in favor of appellant, the party upon whom the onus of proof was imposed. Shewmaker v. Capital Transit Co., supra. Assessed by these criteria, appellee's motion for judgment n. o. v. was properly granted.

■■■ Negligence requires a showing of a breach of duty owed to the person injured which, by the observance of due care, could have been avoided, but until a person has placed himself in some substantial sense in the custody or under the control of the carrier, he is not a passenger and no special duty of care is owed him. An intent to become a passenger is not enough to confer that status or to charge the carrier with the duty to exercise that degree of care owed by a carrier in the transportation of a passenger. Gereau v. Parenteau, 78 R.I. 314, 82 A.2d 396, 398 (1951), citing Villa v. United Electric Rys. Co., 51 R.I. 384, 155 A. 366, 75 A.L.R. 282 (1931). Appellant concedes that she had not reached the point where she could claim this duty of care. However, she contends that appellee carrier was negligent in failing to inspect, repair or provide a reasonably safe place for her, a prospective passenger, to board the bus upon its ultimate arrival.

■■■ The bus stop sign was located in the middle of the block, next to the concrete slab where appellant waited for the bus. There was no sidewalk; only a dirt path from the end of the block led to the stop sign. Appellant argues that the location of the slab next to the sign indicated that it was for the sole use of prospective passengers or those alighting from a bus and therefore appellee had a proprietary interest in it which imposed the duty to maintain it in a reasonably safe condition. The record is devoid, however, of any evidentiary showing from which a jury could reasonably infer that the company owed any

obligation arising out of ownership, construction or control of the slab. A finding that appellee was responsible for its maintenance or inspection is unsupported by the record, and absent such an obligation it cannot be said that appellee had a duty to maintain the concrete in a safe condition. Webster v. Capital Transit Co., 91 U.S. App.D.C. 303, 200 F.2d 134 (1952). Proof of the happening of this accident did not permit an inference of negligence; this must be established by a preponderance of competent evidence. A verdict cannot be upheld which rests upon a conjecture that appellee was responsible for the construction, placing, maintenance or control of the concrete slab in question, Rule v. Bennett, D.C.App., 219 A.2d 491, 494 (1966), and therefore owed a duty of care to appellant.

Upon the record before us, the action of the trial judge in granting appellee's motion for judgment n. o. v., assessed in the light of the dictates of *Shewmaker,* is

Affirmed.