[Civ. No. 14148. First Dist., Div. One. Jan. 11, 1950.]

LILLIAN JAEGER, Respondent, v. MERIEL WHITMAN CHAPMAN et al., Defendants; HARRY MILES, Appellant.

Alexander, Bacon & Mundhenk and Herbert Chamberlin for Appellant.

John H. Machado for Respondent.

PETERS, P. J.—At about 4:30 p. m. on a clear day on Highway 101, about four miles north of Gilroy in Santa Clara County, the automobile being driven south on that highway by defendant-appellant Harry Miles, and in which plaintiff-respondent Lillian Jaeger was riding as a passenger, crashed into the back of an automobile occupied by the Chapmans, which was also proceeding south on that highway, and being driven by Meriel Chapman. Respondent was seriously injured. She brought this action against Miles and the Chapmans. The jury found in favor of the Chapmans, but brought in a verdict against Miles. From the judgment based on the verdict Miles appeals, making as his sole contention the point that the trial court committed prejudicial error in refusing to give two instructions proffered by him.

At the scene of the accident Highway 101 has two northbound and two southbound lanes. Masten Avenue comes into the highway from the east. Southbound traffic on the highway gained access to Masten Avenue by turning left across the highway at the end of a macadem and gravel barrier which was 66 feet long, 8 feet wide and 15 inches high, and which divided the north and southbound traffic lanes.

Both vehicles were proceeding south on the highway, with the Chapmans' car ahead of the Miles' automobile. About 300 yards north of Masten Avenue Mrs. Chapman drove from the slow or right-hand southbound lane to the fast or left southbound lane, intending to turn left at Masten Avenue. There is ample and substantial evidence that she extended her left arm as a signal to cars behind her that she intended to turn left. Mrs. Chapman testified that just before making the turn she slowed down from about 40 miles an hour to about 10 or 15 miles per hour.

Appellant Miles was traveling in the fast or left southbound lane behind the Chapmans' car. He testified that he was going about 45 miles per hour; that when the Chapmans' car was still north of the Masten Avenue intersection it suddenly stopped on the highway; that he applied his brakes and went into a skid but was unable to stop before hitting the Chapmans' car. The accident happened just about at the end of the barrier where a left turn from the southbound lane of the highway would be taken.

The Chapmans denied that they were negligent and, in addition, alleged that the accident was proximately caused by the negligence of Miles. The appellant Miles denied that he had been negligent and alleged "that insofar as he is concerned the accident complained of was unavoidable, and alleges that the injuries and damages complained of, if any, were due to and caused by· an unavoidable accident."

Appellant offered and the trial court refused to give the following instruction: "In law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote that an accident occurred without having been proximately caused by negligence. Even if such an accident could have been avoided by the exercise of exceptional foresight, skill or caution, still no one may be held liable for injury resulting from it."

The words "unavoidable" and "inevitable" simply denote that the accident may have occurred without being caused by the negligence of anyone. (*Wilkerson* v..*Brown*, 84 Cal.App. 2d 401 [190 P.2d 958]; *Temple* v. *De Mirjian*, 51 Cal.App.2d 559 [125 P.2d 544].) Although the proffered instruction contained a correct statement of law, it merely states, in a specialized fashion, the defense that a defendant is not liable if he was not negligent. The jury was fully, correctly and fairly instructed on the general rules of liability for negligence. The court gave the following two instructions: "I instruct you that you cannot award any damages against defendant Harry Miles unless you find that said defendant was negligent, and unless you find that negligence on his part was a proximate cause of the accident. In determining whether or not defendant Harry Miles was negligent it is your duty to determine what a person of ordinary prudence would have done under the same or similar circumstances."

"The mere fact that the automobile that was driven by Mr. Miles came in contact with Mrs. Chapman's automobile does

not in itself establish any liability on the part of Mr. Miles; and if Mr. Miles was not careless or negligent in any respect in driving his automobile, then no damages should be awarded against him.''

The court also instructed that the jury should not award any damages against Miles if he was free from fault and was not careless or negligent, and that the burden to prove that Miles was negligent and that such negligence, if proved, was a proximate cause of the accident was on the plaintiff. In addition, the court instructed that: ''A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril, arising from the presence of imminent danger to himself or to others, is not expected, nor required, to use the same judgment and prudence that is required of him, in the exercise of ordinary care, in calmer and more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise in the same situation. If at that moment, he does what appears to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinarily prudent person under the same conditions, he does all the law requires of him, although, in the light of after events, it should appear that a different course would have been better and safer.''

Thus the jury was fully instructed that the defendant was not liable if he was not negligent and if such negligence was not a proximate cause of the accident. While it would not have been error to have given such an instruction, it was not error to refuse to give it where all elements of defendant's liability were covered by other instructions. The defendant is not entitled to have his defense overemphasized and cannot complain that his defense is not stated in a particular way, as long as the defense is adequately and fairly covered. In *Guay* v. *American President Lines,* 81 Cal.App.2d 495, at pages 513-14 [184 P.2d 539], this court disposed of a similar contention as follows: ''Objection is made to the trial court's failure to give a proffered instruction that defendant was not liable if the injuries were the result of unavoidable accident. In *Stein* v. *United Railroads,* 159 Cal. 368, at page 373 [113 P. 663], it was held not error to refuse to instruct on unavoidable accident, because 'A juror would know that such was the rule without instruction and it would seem absurd to burden the record with a formal statement of a truth so self-evident.' In *Gunter* v. *Claggett,* 65 Cal.App.2d 636, at page 642 [151 P.2d 271], the court said that '. . . unavoidable accident is

simply another way of urging that defendant was not negligent. The jury has found, and the finding is supported, that defendant was negligent. No prejudicial error occurred in failing to instruct on this issue.' The jury was fully and fairly instructed on the general rules of liability for negligence. It has impliedly found that defendant's negligence solely and proximately caused the accident. Such finding is supported by the evidence, and the permissible inferences therefrom. Under these circumstances no error was committed in failing to instruct on unavoidable accident.''

The other instruction, offered by appellant and refused by the trial court, which appellant claims should have been given, reads as follows:

''You are instructed that Section 514 of the Vehicle Code of the State of California in force and effect at the time of the happening of this accident provided as follows:

'' 'Minimum Speed Law. No person shall drive upon a highway at such a slow speed as to impede or block the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or because upon a grade or when the vehicle is a motor truck or motor truck towing another vehicle necessarily or in compliance with law proceeding at reduced speed.'

''If you find that the driver of an automobile traveling in the same direction in front of the Chrysler car driven by Mr. Miles, violated the foregoing provision of the Vehicle Code by driving at such a slow speed as to impede or block the normal and reasonable movement of traffic, and that such violation was the sole proximate cause of the accident, then Mr. Miles is not responsible for the accident, and no damages should be awarded against him.''

It will be noted that the code section prohibits reduced speed that impedes the normal flow of traffic ''except when reduced speed is necessary for safe operation.'' The last paragraph of the proffered instruction, which is in effect a formula instruction, states that if the jury finds that Mrs. Chapman ''violated'' the code section ''by driving at such a slow speed as to impede or block the normal and reasonable movement of traffic,'' and that such was the proximate cause of the accident, no damages should be awarded against appellant. The proffered instruction, in its formula portion, completely omits the limitation contained in the code section. Thus, if given, it would have misled the jury by giving the impression that if Mrs. Chapman drove so slowly as to impede

traffic, and that such slow movement proximately caused the accident, Miles was not responsible regardless of why Mrs. Chapman slowed down. Of course, under the statute, it is for the jury to determine in each case whether reduction of speed was "necessary for safe operation," and if it was, the section has not been violated. Thus, to say the least, the offered instruction was inaccurate, and certainly incomplete.

It is well settled that where a requested instruction is in part inaccurate, misleading or incomplete the trial court is not required to modify it or is under no duty to give others in lieu of it as long as the jury is properly instructed as to the law of the case. (See many cases collected, 24 Cal.Jur. § 77, p. 802.) Generally speaking, no duty rests on the trial court to reframe a proposed incorrect instruction so as to make it correctly state the law. (*Jones* v. *Bayley,* 49 Cal.App.2d 647 [122 P.2d 293].) Of course, although misleading, inaccurate or incomplete instructions need not be modified, it is incumbent on the trial court to give instructions on all vital issues in the case so that the jury will have a full and complete understanding of the law applicable to the facts, and if necessary to modify incomplete instructions or to give ones drafted by the court. (*Herbert* v. *Lankershim,* 9 Cal.2d 409, 482 [71 P.2d 220].) But this qualification of the rule has no application to this case. Here the jury was fully instructed on every vital issue involved. The main theory of both the Chapmans and Miles in their defense of this case was that the accident was proximately caused by the other. The basic question involved was whether Mrs. Chapman was negligent in slowing down or in stopping. Evidence was introduced on that issue by all the parties. While the court did not specifically instruct on section 514 of the Vehicle Code and while such a correct instruction would have been appropriate, the general subject matter of that section was adequately covered by instructions referring to related sections which more directly involved the specific problem presented. Thus the court instructed as follows:

"I instruct you that the violation of any of the provisions of the Motor Vehicle Code which I am about to read to you, unless justifiable or excusable, constitutes negligence in and of itself and as a matter of law.

"If, therefore, you should find from the evidence that the defendants or either of them violated any one or more of the provisions of the Motor Vehicle Code which I am about to

read to you, and that such violation, if any, was neither excusable or justifiable and was a proximate cause of the accident, you must conclude that the defendant violating such provisions or provision was negligent. . . .

"544. Turning and stopping movements and required signals.

"(a) No person shall turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety and then only after the giving of an appropriate signal in the manner provided herein in the event any other vehicle may be affected by such movement.

"(b) Any signal of intention to turn right or left shall be given continuously during the last 50 feet traveled by the vehicle before turning.

"(c) No person shall stop or suddenly decrease the speed of a vehicle on a highway without first giving an appropriate signal to the driver of any vehicle immediately to the rear when there is opportunity to give such signal." This section was read, *in toto,* to the jury in another place in the instructions.

In addition, the jury was fully instructed that if they should find that the accident was proximately caused solely by the negligence of Mrs. Chapman then "you cannot return a verdict against defendant Harry Miles regardless of the fact that plaintiff was a passenger in the automobile of said Harry Miles." Thus the general subject matter of section 514 was adequately covered. Under the circumstances it was not error to refuse to give or to modify the proffered instruction.

The judgment is affirmed.

Ward, J.. and Bray, J., concurred.