[Civ. No. 14418.   First Dist., Div. Two.   Dec. 12, 1950.]

DOMINIC PEZZONI et al., Respondents v. THE CITY AND COUNTY OF SAN FRANCISCO, Appellant.

Dion R. Holm, City Attorney, Sylvain D. Leipsic and William F. Bourne, Deputy City Attorneys, for Appellant.

Belli, Ashe & Pinney for Respondents.

DOOLING, J.—Plaintiffs are husband and wife. The wife testified that she received injuries, on a streetcar operated by defendant, by being thrown against the iron guardrail in front of the conductor while waiting to give him her transfer. She testified: "the streetcar started up and stopped and jerked and threw me against the iron railing," "a sudden stop," "stopped with a sudden jerk."

The jury returned a verdict for defendant and following a timely motion the court granted a new trial "on the ground of errors of law occurring at the trial." Defendant appeals from this order.

In support of the order plaintiffs enumerate nine alleged errors in the instructions of the court. We need only consider two of them.

■ It is conceded that the evidence supported instructions on res ipsa loquitur (*Mudrick* v. *Market Street Ry. Co.*, 11 Cal.2d 724 [81 P.2d 950, 118 A.L.R. 533]) and the court gave such instructions. The court also instructed the jury that "the law presumes that the motorman and conductor . . . were using the requisite degree of care in the operation of such streetcar. This presumption is a species of proof . . . to which the defendant . . . (is) entitled, unless and until it is overcome by contradictory evidence." The jury was thus faced with the metaphysical responsibility of weighing a presumption of care against an inference of negligence. The courts have held that in a res ipsa case it is not proper to give an instruction on the presumption of care. (*Waite* v. *Pacific Gas & Elec. Co.*, 56 Cal.App.2d 191 [132 P.2d 311]; *Moeller* v. *Market Street Ry. Co.*, 27 Cal.App.2d 562 [81 P.2d 475]; *Smith* v. *Hollander*, 85 Cal.App. 535 [259 P. 958].)

The rationale of these holdings is explained in the Waite case, 56 Cal.App.2d at page 202:

"The application of the doctrine of res ipsa loquitur raises an inference of negligence against the defendant. It would be contradictory for the court also to instruct the jury there is a presumption the defendant acted with due care."

■ The court properly instructed the jury that defendant as a common carrier was bound to use the highest degree of care. It also in a series of instructions described defendant's duty as one to use ordinary care. ■ Appellant argues that these instructions cannot have been prejudicial, but we must assume in support of the order of the trial court that it decided that they were prejudicial to plaintiffs. Particularly

damaging was an instruction on inevitable accident in which the jury was told: "Even if such an accident could have been avoided by the exercise of exceptional foresight, skill, or caution, still no one may be held liable for the injury resulting from it. . . . before an accident can be said to be unavoidable it must appear . . . that the occurrence was one which ordinary care and obedience to the law would not have guarded against . . . ." By thus setting off "ordinary care" against "exceptional foresight, skill and caution" the jury could only reasonably understand that defendant was only bound to use ordinary care to escape liability for its action. What the court gave with one hand in instructing that defendant was held to the highest degree of care it thus took away with the other by the last quoted instruction.

Enough has been stated to support the order granting a new trial. ■■ Whether errors in instructions are prejudicial under Constitution, article VI, section 4½, lies in the discretion of the trial court to determine. (*Brown* v. *George Pepperdine Foundation*, 23 Cal.2d 256, 262 [143 P.2d 929]; *Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338].) We cannot find on the record before us that the trial court abused its discretion in this regard.

Order affirmed.

Nourse, P. J., concurred.