[Civ. No. 18792.   Second Dist., Div. One.   May 22, 1952.]

JULIA ANN McMAHON, a Minor, etc., Respondent, v. BETTY J. MARSHALL et al., Appellants.

Bauder, Gilbert, Thompson & Kelly for Appellants.

Demler & Eckert and Everett E. Demler for Respondent.

WHITE, P. J.—This is an appeal by defendants from a judgment in favor of the minor plaintiff, Julia Ann McMahon, awarding her damages for injuries sustained when she was struck by an automobile operated by the defendant Betty J. Marshall.

The plaintiff was struck as she was crossing Santa Fe Avenue on the south side of 21st Street, in the city of Long Beach, in a marked pedestrian crosswalk. Two vehicles proceeding south on Santa Fe Avenue were stopped by their operators to permit the plaintiff to cross. Defendant Betty Marshall drove her automobile past these two vehicles and into the crosswalk, striking the child in the crosswalk and near the center line of the street.

It is contended that the trial court committed prejudicial error in failing to give a requested instruction on "unavoidable accident," and in reading to the jury subsection (b) of section 560 of the Vehicle Code, which provides that "Whenever any vehicle has stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to

permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle." A careful perusal of the record discloses no prejudicial error.

With respect to the failure to instruct on the subject of unavoidable accident, appellant relies upon the cases of *Parker* v. *Womack*, 37 Cal.2d 116 [230 P.2d 823], and *Driver* v. *Norman*, 106 Cal.App.2d 725 [236 P.2d 6]. Concededly, under these cases, it is proper to give the instruction in question where there is evidence that the accident was proximately caused by circumstances beyond the control of a reasonably prudent person; and the application of the rule allowing this defense is not limited to cases where the defendant relies upon evidence of a proximate cause beyond his control, but the instruction is also approved where there was no evidence that the accident was caused by any factor other than the lack of care (*Parker* v. *Womack, supra*, pp. 120, 121). A determination that an accident was unavoidable is proper where the evidence merely shows that the plaintiff has failed in his proof (*Parker* v. *Womack, supra*, p. 122; *Jolley* v. *Clemens*, 28 Cal.App.2d 55, 73 [82 P.2d 51]).

But in both *Parker* v. *Womack, supra*, and *Driver* v. *Norman, supra*, the court on appeal was concerned with the propriety of an order granting a new trial after a verdict for the defendant, the trial court believing that the giving of the instruction had resulted in error prejudicial to the plaintiff. In each case it was held that the instruction was proper and the order granting a new trial was reversed. The question here presented is whether, in the light of the evidence and the instructions given, the failure to give the instruction constituted prejudicial error. While it would not have been error to have given an instruction on unavoidable accident, neither was it prejudicial error to refuse to give it, because the record before us reflects that the jury was fully and fairly instructed that the defendant was not liable if she was not negligent, or if negligent, her negligence was not a proximate cause of the accident. The court instructed the jury as to the meaning of a "preponderance of the evidence" and defined "negligence" for the jury, noting that the person whose conduct is set up as a standard is not the extraordinarily cautious or skillful individual, but a person of reasonable and ordinary prudence. The jury was advised that the burden was upon the plaintiff

to prove by a preponderance of the evidence that defendant was negligent and that such negligence was a proximate cause of injury; that the mere fact that an accident happened, considered alone, would not support an inference that some party was negligent; that the jury could not speculate as to the cause of the accident, and if the evidence is equally balanced on the issue of negligence, then the party making the charge of negligence has failed to sustain the burden of proof. The jury was also instructed upon the doctrine of unexpected peril.

In *Jaeger* v. *Chapman*, 95 Cal.App.2d 520 [213 P.2d 404], it was held that it was not error to fail to give an instruction on unavoidable accident. There, as here, the jury was fully instructed as to negligence, burden of proof, and duty in case of sudden peril. The court there said:

"Thus the jury was fully instructed that the defendant was not liable if he was not negligent and if such negligence was not a proximate cause of the accident. While it would not have been error to have given such an instruction, it was not error to refuse to give it where all elements of defendant's liability were covered by other instructions. The defendant is not entitled to have his defense overemphasized and cannot complain that his defense is not stated in a particular way, as long as the defense is adequately and fairly stated."

It is true that in *Parker* v. *Womack, supra,* the Supreme Court held that the defendants were entitled to have the instruction given to the jury, but it does not follow that a failure to give such instruction, even in an appropriate case, necessarily results in prejudicial error. As was said in *Jaeger* v. *Chapman, supra,* at page 524 (quoting from *Guay* v. *American President Lines, Ltd.,* 81 Cal.App.2d 495 [184 P.2d 539]), "The jury was fully and fairly instructed on the general rules of liability for negligence. It has impliedly found that defendant's negligence solely and proximately caused the accident. Such finding is supported by the evidence, and the permissible inferences therefrom. Under these circumstances no error was committed in failing to instruct on unavoidable accident."

Appellants concede that it was proper to read subsection (a) of section 560 of the Vehicle Code to the jury, this subsection having to do with the duty of the vehicle operator to yield the right of way to a pedestrian within a crosswalk, but urge that subsection (b) hereinbefore quoted was inapplicable and that its reading constituted prejudicial error,

because, it is contended, the vehicles of the witness Campagna and the witness Abair did not stop *at* the marked crosswalk on the south side of Twenty-first Street, but stopped on the north side of Twenty-first Street. Appellants submit that Mrs. Marshall was under no statutory duty to refrain from passing these two stopped cars when there was the whole width of Twenty-first Street between them and the marked crosswalk in which plaintiff was crossing. It is conceded that "in the application of common sense a few feet could not make any material difference," but that a line must be drawn somewhere; and if it be held that a vehicle stopped 25 feet from the crosswalk is stopped "at the crosswalk," then it could as well be held that a vehicle 30, 40 or 50 feet from the crosswalk is also "at" the crosswalk.

Abstractly speaking, there may be some merit to appellant's contention "that a line must be drawn somewhere," but the rule in that regard must be determined by the facts and circumstances presented in a particular case, in the light of which the claimed negligence of the driver of a motor vehicle must be adjudicated. █ Negligence is a relative term and its existence is dependent upon the surrounding circumstances, viewed in the light of what an ordinarily prudent person, confronted with such a situation, would have done.

█ Assuming it would not be a violation of section 560(b) of the Vehicle Code to overtake and pass another vehicle which has been stopped 50 feet from a pedestrian crossing, that is not the situation with which we are here confronted. Twenty-first Street in Long Beach, where it enters Santa Fe Avenue from the west, is only 25 feet wide. The witness Campagna brought his vehicle to a stop "a foot or two" into the intersection, thus bringing the front of his car not over 25 feet and perhaps less from the north line of the crosswalk (not over a car length and a half), and waved the little girl to proceed. Another automobile going in the same direction was also brought to a stop to give the child the right of way. The crosswalk was painted and there is testimony that a standard with the warning "Stop for Pedestrians" stood in the middle of the roadway.

We do not, however, hesitate to hold that, in a particular case, it may be a violation of section 560(b) of the Vehicle Code, when a vehicle has been stopped within one or two car lengths of a crosswalk to permit the passage of a pedestrian, for the driver of a second vehicle to proceed past the stopped vehicle and into the pedestrian crosswalk, and that

such conduct is negligence *per se*. (Concededly, if the leading vehicle or vehicles made a sudden stop for a pedestrian, it would be a question for the jury to determine under all the evidence whether or not the defendant in the exercise of ordinary care was able, or should have been able, to stop also. Further, the question of a violation of section 560(b) would be of no importance if the second vehicle, after passing the stopped vehicle, was brought to a stop before entering the pedestrian zone.) The question of whether appellant Betty Marshall did in fact violate section 560(b) of the Vehicle Code was expressly left to the determination of the jury. The jury was also advised that such violation was of no consequence unless they found that it was the proximate cause of plaintiff's injury. The jury impliedly found that she did violate the code section. From a review of the transcript we find that about the only substantial conflict in the evidence was as to when the child broke into a run after stepping into the crosswalk—whether she started running immediately and ran into the defendants' vehicle or whether she tried to run when she saw the vehicle bearing down upon her. The jury was fully instructed on the issue of contributory negligence and there is no claim of error in this regard.

The record discloses no prejudicial error. The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 17, 1952.