[L. A. No. 24631.   In Bank.   Jan. 28, 1958.]

GEORGE BUTIGAN et al., Appellants, v. YELLOW CAB COMPANY (a Corporation) et al., Respondents.

Raoul D. Magana, Victor E. Kaplan and Monta W. Shirley for Appellants.

Kenneth J. Murphy, Henry E. Kappler, H. T. Ellerby and Henry F. Walker for Respondents.

GIBSON, C. J.—This action was brought for damages for personal injuries suffered by Mrs. Butigan when a taxicab in which she was riding as a passenger and which was owned by defendant Yellow Cab Company and driven by defendant Bland collided with an automobile operated by defendant Wurm. She appeals from a judgment entered on a verdict in favor of all three defendants, contending that the court erred in instructing the jury.*

The accident happened in the daytime on Silverlake Boulevard in Los Angeles, in a business district. When the taxicab called by plaintiff arrived at her residence on the boulevard it was headed north. Her destination was in a southerly direction, but the driver first proceeded north. Before reaching the intersection with Effie Street, he turned the cab toward the left over the center line of Silverlake Boulevard. In the west half of the boulevard the cab was hit by the automobile of Wurm, who was driving south on the proper side of the center line, and plaintiff was injured.

Bland testified that he intended to enter a driveway on the west side of Silverlake Boulevard and to back out, turning so as to face south. He did not see any oncoming southbound traffic, and he gave an arm signal 60 to 70 feet before he commenced his turn. When he was on the center line his motor stopped, and his cab remained standing with its front end some 3 feet to the west of the center line. For one and a half to three seconds he unsuccessfully tried to start the motor before his cab was hit by Wurm's car. On the day before the collision the cab had been in the company's garage because Bland had had trouble with the engine stalling, probably because the carburetor had been adjusted too lean in an attempt to save gasoline.

Wurm testified that he was driving south on Silverlake Boulevard at a speed of 25 to 30 miles an hour. He could not see the northbound traffic until he had passed through an

*Plaintiff's husband joined as a plaintiff in this action, but at the trial he was on his own motion dismissed as a party. Accordingly, his appeal from the judgment must be dismissed. The appeal from an order denying a motion for a new trial must likewise be dismissed, because such an order is not appealable.

656

intersection, when he saw "solid" northbound traffic and in it, 150 to 175 feet away, a Yellow cab moving in the lane near the center line. When the cab was not more than two car lengths distant, it made a sudden turn over the center line in front of his car without giving any signal. He immediately applied his brakes full force but nevertheless hit the right side of the taxi. The cab had not stopped or hesitated before the impact, and it had been driven five feet past the driveway into which Bland said he had intended to turn. After the accident the taxi backed up and turned into the driveway.

The first question is whether the evidence shows *as a matter of law* that the collision was caused by the negligence of any of the defendants. Plaintiff contends that the manner in which Bland turned violated sections 541 and 544 of the Vehicle Code. ■ Section 541, insofar as applicable, reads: "(a) No vehicle in a business district shall be turned so as to proceed in the opposite direction, except at an intersection." This provision, which prohibits "U" turns, does not prohibit the movements which Bland testified he was attempting to execute. Neither the making of a left turn into a private driveway nor the backing out of a driveway is in itself prohibited, and the section does not specify that the combination of the two, when the driver's real purpose is to proceed in the opposite direction, must be treated as a single, complete turn coming within the prohibition of the statute. ■ Section 544 permits the making of a turn only when it can be made with reasonable safety and after giving an appropriate signal. This provision does not require the driver to know that a turn can be made with safety but only that he must exercise reasonable care, and whether such care has been exercised is normally a question of fact. (*Washam* v. *Peerless Automatic etc. Co.*, 45 Cal.App.2d 174, 177 [113 P.2d 724]; *Spear* v. *Leuenberger*, 44 Cal.App.2d 236, 247-248 [112 P.2d 43].) ■ In view of the conflicting testimony of the two drivers, the question whether Bland violated section 544 is one of fact. Apart from any violation of statute, the evidence tends to show that Bland and Yellow Cab Company did not exercise the high degree of care required of them, but the evidence is not so compelling that the lack of such care is established as a matter of law. Although it could be inferred that Wurm exceeded the prima facie speed limit of 25 miles per hour in a business district (Veh. Code, § 511, subd. (b)), it was for the jury to determine whether the inference should be drawn

and whether the speed in excess of 25 miles per hour, if any, amounted to a violation of the basic rule of reasonable and prudent speed (Veh. Code, § 510).

The trial court, at defendants' request, instructed the jury: "In law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence. Even if such an accident could have been avoided by the exercise of exceptional fore-sight, skill or caution, still, no one may be held liable for injuries resulting from it. Bear in mind, however, that if any defendant failed to exercise ordinary care, and if that failure was a proximate cause of the accident in question, then, whether or not such conduct was the sole cause, the accident was not unavoidable, and the defense of unavoidability may not be maintained by that defendant." (Cal. Jury Instns., Civ. (4th rev. ed. 1956) No. 134.)

█ The portions of the instruction which state in effect that no more than ordinary care is required of any defendant are erroneous as applied to defendants Bland and Yellow Cab Company, since a common carrier must exercise the utmost care and diligence for the safety of its passengers for reward. (Civ. Code, § 2100; *Finley* v. *City & County of San Francisco,* 115 Cal.App.2d 116, 120-122 [251 P.2d 687]; *Pezzoni* v. *City & County of San Francisco,* 101 Cal.App.2d 123, 124-125 [225 P.2d 14].) █ Plaintiff, however, is in no position to complain of this error because, at her request, many other instructions were given which contain the same defect.* (*Zuckerman* v. *Underwriters at Lloyd's,* 42 Cal.2d 460, 470 [267 P.2d 777].)

Plaintiff's principal contention is that the giving of any instruction on unavoidable accident was erroneous under the circumstances of this case. The instruction given here is in accord with the decision in *Parker* v. *Womack,* 37 Cal.2d 116

---

*Although plaintiff requested an instruction as to the duty of utmost care owed by Yellow Cab Company to her, she also requested several instructions as to negligence based on the standard of a reasonably pru-dent person, which instructions were, at her request, expressly made applicable to each defendant, and she requested an additional instruction explaining section 544 of the Vehicle Code, applicable to Bland and Yellow Cab Company only, which required them "to use such precaution as would satisfy a reasonably prudent person, acting under similar cir-cumstances that the turn could be made safely." (Cal. Jury Instns., Civ. (4th rev. ed. 1956) Nos. 53, 101, 101A, 101C, 102, 102A, 142.)

[230 P.2d 823].   It was there held that it is not error to instruct, in an intersection collision case, that no recovery can be had if the accident was unavoidable.  The court stated that an accident may be "unavoidable or inevitable" where it is caused by a superior or irresistible force or by an absence of exceptional care which the law does not expect of the ordinary prudent man and that the instruction had been held proper where the record included affirmative evidence showing that the accident was proximately caused by circumstances beyond the control of an ordinary prudent man.   (37 Cal.2d at pp. 120-121.)   The opinion further stated that the defense of unavoidable accident is not limited to cases where there is such evidence and that a determination that an accident is unavoidable is also proper where the evidence merely shows that the plaintiff has failed in his proof.   (37 Cal.2d at pp. 121-122.)   Two cases holding that the giving of such an instruction was prejudicially erroneous were distinguished upon the ground that in each the evidence established the negligence of the defendant as a matter of law, and subsequent decisions have interpreted the Parker case as standing for the rule that the giving of an instruction on unavoidable accident is proper unless the defendant is negligent as a matter of law.   (See, e.g., *Driver* v. *Norman,* 106 Cal.App.2d 725, 727 [236 P.2d 6].)

We are of the view that the rule applied in *Parker* v. *Womack,* 37 Cal.2d 116 [230 P.2d 823], should be reconsidered. In reality, the so-called defense of unavoidable accident has no legitimate place in our pleading.   It appears to be an obsolete remnant from a time when damages for injuries to person or property directly caused by a voluntary act of the defendant could be recovered in an action of trespass and when strict liability would be imposed unless the defendant proved that the injury was caused through "inevitable accident."   Although exactly what was covered by this expression is not clear, it apparently included cases where the defendant was utterly without fault.   "Unavoidable accident" was then an affirmative defense to be pleaded and proved by the defendant. (See 2 Harper & James, The Law of Torts (1956), 747 et seq.; Prosser on Torts (2d ed. 1955), 118.)

In the modern negligence action the plaintiff must prove that the injury complained of was proximately caused by the defendant's negligence, and the defendant under a general denial may show any circumstance which militates against his negligence or its causal effect.   The so-called

defense of inevitable accident is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury. (*Scott* v. *Burke,* 39 Cal.2d 388, 401 [247 P.2d 313]; *Polk* v. *City of Los Angeles,* 26 Cal.2d 519, 542-543 [159 P.2d 931]; see also *Jolley* v. *Clemens,* 28 Cal.App.2d 55, 65 [82 P.2d 51].)

█ The statement in the quoted instruction on "unavoidable or inevitable accident" that these terms "simply denote an accident that occurred without having been proximately caused by negligence" informs the jury that the question of unavoidability or inevitability of an accident arises only where the plaintiff fails to sustain his burden of proving that the defendant's negligence caused the accident. Since the ordinary instructions on negligence and proximate cause sufficiently show that the plaintiff must sustain his burden of proof on these issues in order to recover, the instruction on unavoidable accident serves no useful purpose.

It is particularly significant that no decision in this state, either prior or subsequent to *Parker* v. *Womack,* 37 Cal.2d 116 [230 P.2d 823], has held that refusal to give the instruction was reversible error. In several cases in which error had been claimed because of such a refusal, it was held that the instruction was superfluous. The court, in *Stein* v. *United Railroads,* 159 Cal. 368, 373 [113 P. 663], said that it would seem absurd to burden the record with a formal statement of the self-evident truth that, if the accident occurred without the fault of either party, defendant would not be liable. *Guay* v. *American President Lines, Ltd.,* 81 Cal.App.2d 495, 513-514 [184 P.2d 539], holds that the refusal was not error because unavoidable accident is simply another way of saying that defendant is not negligent and because the jury was fully instructed on the general rules of liability for negligence. *Jaeger* v. *Chapman,* 95 Cal.App.2d 520, 523 [213 P.2d 404], moreover, points out that the defendant is not entitled to have his defense overemphasized and cannot complain that it is not stated in a particular way so long as it is adequately and fairly covered. In a number of decisions subsequent to *Parker* v. *Womack,* the refusal to give the instruction was upheld on the same grounds, although the opinions sometimes added that under the rule of that case it would not have been error to give the instruction. (*Slovick* v. *James I. Barnes Constr. Co.,* 142 Cal.App.2d 618, 629 [298 P.2d 923]; *Lilley* v. *Key System Transit Lines,* 136 Cal.App.2d 737, 740, 741 [289 P.2d 517]; *Goodwin* v. *Braden,* 134 Cal.App.2d 34, 39-40 [285

P.2d 330]; *Johnston* v. *Orlando*, 131 Cal.App.2d 705, 711-712 [281 P.2d 357]; *McMahon* v. *Marshall*, 111 Cal.App.2d 248, 250-251 [244 P.2d 481].)

The instruction is not only unnecessary, but it is also confusing. When the jurors are told that "in law we recognize what is termed an unavoidable or inevitable accident" they may get the impression that unavoidability is an issue to be decided and that, if proved, it constitutes a separate ground of nonliability of the defendant. Thus they may be misled as to the proper manner of determining liability, that is, solely on the basis of negligence and proximate causation.[*] The rules concerning negligence and proximate causation which must be explained to the jury are in themselves complicated and difficult to understand. The further complication resulting from the unnecessary concept of unavoidability or inevitability and its problematic relation to negligence and proximate cause can lead only to misunderstanding.

There are situations where it may be necessary to explain the meaning of the words "unavoidable accident," for example, where a defendant is charged with a violation of section 602 of the Vehicle Code. That statute makes it a misdemeanor for a person to drive certain vehicles for more than a limited number of hours but provides that the "section does not apply in any case of casualty or unavoidable accident or an act of God." It is clear that the Legislature intended to provide an exception to the statutory time limitations in the event of an emergency, and in an appropriate case involving a violation of the statute it would be proper to explain to the jury the meaning of the terms contained in the exception. The definition of the words "unavoidable accident" as used in section 602 would not involve any of the problems which arise in connection with the challenged instruction.

The giving of a confusing or misleading instruction is, of course, error, and we are of the view that, in the absence of a special situation of the type discussed above, the use of an unavoidable accident instruction should be disapproved. *Parker* v. *Womack*, 37 Cal.2d 116 [230 P.2d 823], is overruled insofar as it is inconsistent with the views expressed herein.

The determination whether, in a specific instance, the probable effect of the instruction has been to mislead the

---

[*]In several Alabama cases (e.g., *Kelly* v. *Hanwick*, 228 Ala. 336 [153 So. 269, 275]) it was held that instructions that, if the injury was by reason of unavoidable accident, there would be no recovery are "confusing, misleading and properly refused."

jury and whether the error has been prejudicial so as to require reversal depends on all the circumstances of the case, including the evidence and the other instructions given. No precise formula can be drawn. ▉ In the case before us there is strong evidence that Yellow Cab Company and Bland failed to exercise the utmost care in maintaining and driving the cab, and there is also evidence that Wurm exceeded the speed limit. With the possible exception of the conflicting testimony with respect to the stalling of the taxi engine, there is no affirmative evidence that the accident resulted from any cause other than the negligence of the defendants, and it is highly probable that the negligence of at least one of the defendants caused plaintiff's injuries. The verdict of the jury in favor of all defendants notwithstanding this state of the record is in itself an indication that the jury was misled to plaintiff's prejudice. In addition, the giving of the instruction obviously overemphasized defendants' case, and, as we have said, the instruction suggested to the jury that they should consider unavoidability as an issue or ground of defense separate and apart from the questions of negligence and proximate causation. An attempt by the jurors to carry out such a direction could be expected to result in confusing and misleading them. In this connection, for example, we should keep in mind the tendency which such an instruction would have to induce the jury to believe that the stalling of the taxi engine, if a fact, was an unavoidable occurrence, that it caused the accident and that, accordingly, no one should be held liable. The jury may thus have been led to disregard the permissible inferences that the company was negligent in not properly maintaining the taxi and that its driver was negligent in that he did not take proper precautions in view of his knowledge that the engine had previously stalled. Under all the circumstances, the record indicates that the error of the court in giving the instruction was prejudicial.

The appeal of George Butigan from the judgment and the appeal from the order denying a motion for new trial are dismissed. The judgment is reversed.

Shenk, J., Carter, J., and Traynor, J., concurred.

SCHAUER, J., Dissenting.—Since at least as early as the year 1897 it has been consistently held that where defendants deny negligence on their part an instruction may properly

be given explaining to the jury "the well-settled rule of law that for inevitable accident occurring when one with due care is engaged in a lawful business, damages may not be recovered." (*Niosi* v. *Empire Steam Laundry* (1897), 117 Cal. 257, 259, 261 [49 P. 185] [intersection accident]; see also 35 Cal.Jur.2d 726, § 206, and cases there cited.) By the majority opinion in the present case we are now told that "In reality, the so-called defense of unavoidable accident has no legitimate place in our *pleading*,"[1] and that "It appears to be an obsolete remnant from a time when damages for injuries to person or property directly caused by a voluntary act of the defendant could be recovered in an action of trespass and when strict liability would be imposed unless the defendant proved that the injury was caused through 'inevitable accident.' " (P. 667.) It is my view that the test as to whether the instruction given in this case was error is not properly to be resolved as a question of pleading.

It is true that "unavoidable accident" is not ordinarily held to be an affirmative or special defense which must be pleaded as such.[2] It is, rather, a practical description or denomination of a set of circumstances which is characterized by the incurrence of injury through accidental means without the occurrence of actionable fault as a proximate cause. Inasmuch as the term is affirmatively, completely, and yet briefly, descriptive of that which has actually happened (the accident with ensuing injury, without actionable fault), it is easier to comprehend than is a negative qualification relating to the *causes* of that which has happened and leaving unsatisfied the groping of the mind for a positive concept consistent with the negative.

After extended consideration of the matter this court in *Parker* v. *Womack* (1951), 37 Cal.2d 116, 120-121 [3] [230 P.2d 823], reaffirmed the view theretofore expressed in *Polk* v. *City of Los Angeles* (1945), 26 Cal.2d 519, 542-543 [159 P.2d 931], that ". . . the so-called defense of inevitable accident is nothing more than a denial by defendant of negligence or a contention that his negligence, if any, was not the proximate cause of the injury." (See also *Scott* v. *Burke* (1952), 39 Cal. 2d 388, 401-402 [247 P.2d 313]; *McMillen* v. *Southern Pac.*

---

[1] Italics added.

[2] As hereinafter noted, however, it is by statute in California specifically made a defense in actions based on asserted violations of section 602 of the Vehicle Code, and it would seem entirely proper to plead it as such.

*Co.* (1956), 146 Cal.App.2d 216, 220-221 [303 P.2d 788].)
*Parker* v. *Womack* further recognized (p. 122 of 37 Cal.2d
that "a determination that an accident was unavoidable is
also proper where the evidence merely shows '. . . that the
plaintiff has failed in his proof.' [Citation.] Where an
instruction defining such an accident is given at the request
of the defendant, it cannot be said to have been harmful to
the plaintiff 'who in any event had the burden of proving
that the collision was occasioned solely by the negligence of
the . . . [defendant] which, of course, would exclude unavoid-
able accident.' [Citation.]''

After suggesting that the subject instruction "appears to
be an obsolete remnant" and that it "serves no useful pur-
pose," the majority support their parvenu thesis with the
further declaration (p. 669, majority opinion) that "The
instruction is not only unnecessary, but it is also con-
fusing." I cannot agree that such declaration has either
legal or factual verity. On the contrary the instruction will
never be truly obsolete as long as the issue of negligence is
presented to a jury, and equally that long will it in proper
cases tend to clarify the jury's task. The subject instruction
clearly explains to the jury that the terms "unavoidable or
inevitable accident . . . do not mean literally that it was not
possible for such an accident to be avoided. They simply
denote an accident that occurred without having been proxi-
mately caused by negligence . . . Bear in mind . . . that if
any defendant failed to exercise ordinary care, and if that
failure was a proximate cause of the accident in question,
then, whether or not such conduct was the sole cause, the
accident was not unavoidable." Does the impartial judicial
mind actually find anything confusing or misleading, and
prejudicial to justice, in the language of the quoted instruc-
tion or in its concept? Or does the penchant of the advocate
subconsciously intrude and perceive, in effective clarification
of issues and rules as to burden of proof, a hazard of diminu-
tion to his forensic persuasions of jurors? Persuasions per-
haps otherwise based on appeals more emotional than factual
or legal?

The majority say further that "The rules concerning negli-
gence and proximate causation which must be explained to the
jury are in themselves complicated and difficult to under-
stand," and then add, "The further complication resulting
from the unnecessary concept of unavoidability or inevita-
bility and its problematic relation to negligence and proximate

cause can lead only to misunderstanding.'' The first sentence of the majority's above quoted statement is manifestly accurate. The assumptions and declarations of the second sentence appear to me to be totally unwarranted. The very purpose of the subject instruction is to simplify and explain the rules which the majority themselves label as ''complicated and difficult to understand.'' Being complicated and difficult to understand seems to me to brand them as needing simplifying and clarifying. The majority, I think, could better paraphrase their second sentence and say: ''The further *clarification* resulting from explaining the concept of unavoidability or inevitability and its *essential* relation to [proof of] negligence and proximate cause can lead only to *better understanding.*''

In my view the rules concerning negligence and proximate causation which must be explained to the jurors are not so simple and easy to understand that better comprehension will not result from likewise relating to them, in different words, the concept of unavoidable accident, a concept which must be understood if the jurors in a proper case are to be able readily to recognize that case as calling for application of the concept. Such concept, as hereinabove mentioned, is recognized by this court to be *legally* ''nothing more than a denial by defendant of negligence or a contention that his negligence, if any, was not the proximate cause of the injury'' (*Parker* v. *Womack* (1951), *supra*, 37 Cal.2d 116, 120-121 [3]), but it is easier for the layman—and perhaps for lawyers and judges, as well—to comprehend if it is expressed in affirmative rather than negative terms. It is a concept which, if fairness to defendant as well as plaintiff is to be preserved, becomes more and more important to have presented to the jury as the court continues to more and more extend the scope of situations in which the res ipsa loquitur instruction is given. And the importance (for fairness) of giving it becomes even more emphasized as the court moves toward holding that proof of the mere happening of an accident, *without more,* is evidence of negligence. (See e.g., *Barrera* v. *De La Torre* (1957), 48 Cal.2d 166, 170, and in dissent, 176-178 [308 P.2d 724]. If it is error to instruct the jury that ''The mere fact that an accident happened, considered alone, does *not* give rise to a legal inference that it was caused by negligence or that *any* party to this accident was negligent'' (italics added), then it would seem rationally to follow that the instruction would not be erroneous if the word *''not''* were deleted and the word ''some'' were substituted for the word *''any.''*) Is this,

perhaps, the concept toward which the majority are working? If we assume such view then it would follow that the concept of "unavoidable" accident will have become "obsolete."

Certainly the subject concept does not inject into the case any new or additional issue to be determined by the jury. It merely helps them comprehend the real issues they must (at least under heretofore accepted rules) resolve before they reach a verdict. If the jurors obtain the impression that the concept of unavoidable or inevitable accident is material to the case, then, under the language of this court quoted hereinabove from *Parker* v. *Womack,* now being overruled, they have nothing more than the impression that they must determine the issues of negligence and of proximate cause.

Moreover, the majority in recognizing, as they have been compelled to do, that in section 602 of the Vehicle Code[3] the Legislature has for California accepted the concept of unavoidable accident as a defense to actions grounded on asserted violations of that section, find themselves in this anomalous position: They concede that "There are [special] situations where it may be necessary to explain the meaning of the words 'unavoidable accident,' " but defend their incongruous theme (that the concept is obsolete and confusing) by the bare declaration that "The definition of the words . . . as used in section 602 would not involve any of the problems which arise in connection with the challenged instruction." What problems arise in connection with the challenged instruction which would not be involved in a definition under section 602? Or in the case of some other as yet unidentified "special situation"? Do the majority not presume that the Legislature used the words with knowledge of their legally established meaning and application? The language and the concept, as hereinabove shown, have appeared in the decisions of this court since a time preceding the start of the current century. The Legislature has recognized the language and the concept for many years (see e.g., Stats. 1933, ch. 801, p. 2128) and has amended the vehicle act repeatedly, and as recently as 1957 (see Stats. 1957, ch. 1417, p. 2750), without ever suggesting disapproval or amendment of the concept as defined by this court. "It is a generally accepted principle that in adopting legislation the Legislature is presumed to have had knowledge

---

[3]Section 602 provides limitations on driving hours for certain persons, as well as penalties for violations, but also specifies, in subdivision (d), that "This section does not apply in any case of casualty or unavoidable accident or an act of God."

of existing domestic judicial decisions and to have enacted and amended statutes in the light of such decisions as have a direct bearing upon them." (*Buckley* v. *Chadwick* (1955), 45 Cal.2d 183, 200 [14] [288 P.2d 12, 289 P.2d 242].) Also "The failure of the Legislature to change the law in a particular respect when the subject is generally before it and changes in other respects are made is indicative of an intent to leave the law as it stands in the aspects not amended." (*Cole* v. *Rush* (1955), 45 Cal.2d 345, 355 [9] [289 P.2d 450].) Are the majority accusing the Legislature of enacting, amending, and adhering to legislation which encompasses an "obsolete" and "confusing" concept? When a plaintiff sues for an injury claiming negligence through asserted violation of section 602, subdivisions (a) or (b) (driving more than the lawful span of consecutive hours transporting (a) persons or (b) freight) must the trial judge hold that the defendant driver may neither plead, nor have an instruction state and define, the defense of unavoidable accident specifically authorized in subdivision (d)? What new definition would the majority suggest as being appropriate to legislative intent, or to other "special situation"? How could any such new definition be less confusing, or more clearly explanatory, than the definition presented to the jury in the present case? How can the concept of unavoidable accident thus welded by the Legislature into section 602 be justifiably held to be confusing and immaterial here? In my view, the distinction, refinement, and limitation attempted by the majority is more likely to be a true source of confusion, and to serve to mislead both courts and attorneys in their efforts to effectuate fair and correct instruction of juries.

It may further be noted that the defense of unavoidable or inevitable accident embraces an act of God. (See 35 Cal. Jur.2d 488-489, 1 *id.* 719; 1 C.J.S. 443-444; *id.* 1423, et seq., and authorities respectively there cited.) Are the courts now to be forbidden to instruct juries as to the legal effect on the rights of the parties of an accident resulting from such an act of God? Or will this perchance be viewed by the majority as a "special situation"?

I believe that in accord with what has heretofore been declared to be the law, and recognized to be the fact, no confusion resulted and no error occurred in giving the instruction on unavoidable accident, the instruction which is now fashioned into the peg on which reversal of the judgment is hung. I find utterly unpersuasive the implicit declaration of the

majority (essential to reversal) that plaintiff was thereby prejudiced in rights the law gives her, and that "after an examination of the entire cause, including the evidence, the court [is] . . . of the opinion that the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 4½.)

I find no miscarriage of justice and, for the reasons stated, would affirm the judgment.

McComb, J., concurred.

SPENCE, J.—I dissent.

The majority reverses the judgment in this case solely because of its determination that it was prejudicial error to give any instruction on "unavoidable or inevitable" accident. In arriving at this conclusion, the majority expressly overrules *Parker* v. *Womack,* 37 Cal.2d 116 [230 P.2d 823], and impliedly overrules numerous other cases which declare that such an instruction correctly states the law.

An instruction on this subject has been given for many years by the trial judges of this state as a so-called stock instruction in negligence cases. Instructions similar to the challenged instruction have been consistently approved by the appellate courts and, as indicated by Mr. Justice Schauer, the concept of "unavoidable accident" has been given express legislative recognition in section 602 of the Vehicle Code. I therefore cannot join the majority in declaring that "the use of an unavoidable accident instruction should be disapproved" or in determining that the giving of the challenged instruction constituted error in this case.

I find no error in the record other than certain invited error, concerning which the majority properly holds that plaintiff "is in no position to complain." I would therefore affirm the judgment.

The petitions of respondents Yellow Cab Co. and Fred Wurm for a rehearing were denied February 26, 1958. Schauer, J., Spence, J., and McComb, J., were of the opinion that the petitions should be granted.