OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 89-803 |
| of | : | |
| | : | MAY 3, 1990 |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| | : | |
| RONALD M. WEISKOPF | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE DOUGLAS C. HOLLAND, CITY PROSECUTOR, CITY OF BURBANK has requested an opinion on the following question:

Is a section of highway more than 300 feet long, fronted on both sides entirely by businesses which do not have vehicular access to the highway by driveways or alleys, in "a business district" within the meaning of Vehicle Code section 22102 which prohibits U-turns in business districts except at intersections?

CONCLUSION

A section of highway more than 300 feet long that is fronted on both sides entirely by businesses which do not have vehicular access to the highway by driveways or alleys, is not in "a business district" within the meaning of section 22102 of the Vehicle Code.

ANALYSIS

This opinion discusses the legality of making U-turns on a certain type of highway. Section 22102 of the Vehicle Code generally prohibits the making of U-turns in "business districts."[1] A "business district" is defined in section 235 as a portion of a highway where fifty percent of the contiguously fronting property on both sides for 300 feet is occupied by business buildings. But subdivision (d) of section 240 provides that a highway or portion

_____

[1]Further references to sections of the Vehicle Code will be by section number only, and all unidentified statutory references herein should be understood to be to that Code.

of a highway shall <u>not</u> be deemed to be within a business district if there is no right of access to the highway by vehicles from the contiguous property.[2]

We are asked whether a section of highway that is more than 300 feet long and is fronted on both sides entirely by businesses is to be considered a "business district" within the meaning of section 22102 if the contiguous business properties do not provide vehicular access to the highway by driveways or alleys. We conclude that it is not.

Our primary task in answering the question presented is to ascertain the intention of the Legislature: Did the Legislature consider such a stretch of highway to be a "business district" for the purpose of specifically prohibiting U-turns in it under section 22102? (Cf., *Sand* v. *Superior Court* (1983) 34 Cal.3d 567, 570; *Great Lakes Properties, Inc* v. *City of El Segundo* (1977) 19 Cal.3d 152, 153; *Select Base Materials* v. *Board of Equalization* (1959) 51 Cal.2d 640, 645.) To ascertain that intention we turn first to the words of the statutes involved. (*People* v. *Stockton Pregnancy Control Medical Clinic, Inc.* (1988) 203 Cal.App.3d 225, 235; *Moyer* v. *Workmen's Compensation Appeals Board* (1973) 10 Cal.3d 222, 230; *Steilberg* v. *Lackner* (1977) 69 Cal.App.3d 780, 785; *Rich* v. *State Board of Optometry* (1965) 235 Cal.App.2d 591, 604.)

Section 22102 provides as follows:

"No person in a business district shall make a U-turn, except at an intersection, or on a divided highway where an opening has been provided in accordance with Section 21651."

Sections 100 through 680 provide definitions for various words and phrases used in the Vehicle Code. Section 100 provides that "unless the provision or context otherwise requires, these definitions shall govern the construction of [the] Code." The term "business district" is defined in section 235 as follows:

"A `business district' is that portion of a highway and the property contiguous thereto (a) upon one side of which highway, for a distance of 600 feet, 50 percent or more of the contiguous property fronting thereon is occupied by buildings in use for business, or (b) upon both sides of which highway, collectively, for a distance of 300 feet, 50 percent or more of the contiguous property fronting thereon is so occupied. A business

_____

[2]The term "highway" is generic; section 360 defines it as "a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel. Highway includes street."

district may be longer than the distances specified in this section if the above ratio of buildings in use for business to the length of the highway exists."

Under the section, "the occupancy of the land is the determining factor in fixing the character of the district. The required number of buildings used for business purposes in a given distance is sufficient for the establishment of a `business district'." (*Adrian* v. *Guyette* (1936) 14 Cal.App.2d 493, 502, interpreting former § 28½, subdivision (a) of the Vehicle Act as amended in 1929, a precursor to § 235; see also, *Newton* v. *Thomas* (1955) 137 Cal.App.2d 748, 758-760, 763.) The portion of highway described in our question would clearly be within a business district, as defined in section 235, because it is more than 300 feet long and the contiguously fronting property on both sides is occupied entirely by businesses.

However, the basic definition of "business district" found in section 235 is qualified by section 240 which provides as follows:

"In determining whether a highway is within a business or residence district, the following limitations shall apply and shall qualify the definitions in Sections 235 and 515[3]:

"(a) No building shall be regarded unless its entrance faces the highway and the front of the building is within 75 feet of the roadway.

"(b) Where a highway is physically divided into two or more roadways only those buildings facing each roadway separately shall be regarded for the purpose of determining whether the roadway is within a district.

"(c) All churches, apartments, hotels, multiple dwelling houses, clubs, and public buildings, other than schools, shall be deemed to be business structures.

"(d) A highway or portion of a highway shall not be deemed to be within a district regardless of the number

---

[3]Section 515 provides the definition of "residence district" in much the same way as section 235 defines "business district," to wit, by the number and type of occupancies (dwelling houses or business structures) of contiguously fronting properties over a specified distance (¼ mile). Section 22103 prohibits the making of U-turns in residence districts when another vehicle is approaching from either direction within 200 feet, except at an intersection where the approaching vehicle is controlled by an official traffic control device.

of buildings upon the contiguous property if here is no right of access to the highway by vehicles from the contiguous property." (Emphases added.)

Section 240 derives almost verbatim from the addition of section 90.1 to the Vehicle Code of 1935, in 1939. (Stats. 1939, ch. 658, p. 2106, § 1.)[4] That addition dramatically changed the legislative definition of business district that was then found in section 89 of the Vehicle Code. (It also dramatically changed the parallel legislative definition of residence district that was found in section 90 of the Code.)[5]

Exactly like section 235 today, section 89 of the Vehicle Code of 1935 predicated whether an area is a business district on the number of business buildings contiguously fronting upon a highway passing through it. (Cf., *Newton* v. *Thomas*, *supra*, 137 Cal.App.2d at 758-760, 763; *Adrian* v. *Guyette*, *supra*, 14 Cal.App.2d at 502-503.) But subdivision (d) of section 90.1, which is essentially the same as subdivision (d) of section 240 as it appears today, now added a second step to the definitional process which had the effect of largely abandoning the nature of the occupancy of the land as the determining factor in fixing the character of the district. By stating with plain reference to

_____

[4]As added, the new section 90.1 read: "Limitations in Determining Business and Residence Districts. In determining whether a highway is within a business or residence district, the following limitations shall apply and shall qualify the definitions in sections 89 [defining business district] and 90 [defining residence district]: .... (d) A highway or portion of a highway shall not be deemed to be within a business or residence district regardless of the number of buildings upon the contiguous property when there is no right of access to the highway by vehicles from the contiguous property."

[5]Section 89 defined "business district" as section 235 does today (Stats. 1935, ch. 27, p. 99, § 89) and section 90 of the Vehicle Code of 1935 defined the term "residence district" as section 515 does today (*id.*, § 90; cf., fn. 3, *ante*.) From a historical prospective it is noted that although those definitions derived directly from section 28½ of the Vehicle Code as amended in 1929 (Stats. 1929, ch. 253, p. 510, § 7), they have been defined in California law since at least 1913. (E.g., Stats. 1913, ch. 326, p. 639, § 1(5) ["business district" shall mean the territory of any county or incorporated city and county, city or town, contiguous to public highway, which is at that point mainly built up with structures devoted to business"]; see also Stats. 1905, ch. DCXII, p. 816, § 1, subd. (1.)(3) ["`closely built up' shall mean (a) the territory of any county or incorporated city and county, city or town contiguous to a public highway which is at that point built up with structures devoted to business."].)

section 89 that "[a] highway <u>shall not be deemed</u> to be within a [business] district", it removed from being a business district, as defined in section 89, an area "when there is no right of access to [a] highway by vehicles from the contiguous property", "regardless of the number of buildings [or their character] upon the contiguous property." In other words, an area where there was "no right of access to the highway by vehicles from the contiguous property" was not to be considered a business district (for purposes of the Vehicle Code), regardless of the character of the occupancies of the buildings fronting on the highway. The subdivision thus provided a nigh absolute determinant of when a highway was <u>not</u> to be considered as being within a business district.

In *Newton* v. *Thomas*, *supra*, 137 Cal.App.2d 748, the court said that the purpose for the enactment of section 90.1 was "to provide safety in the use of vehicles in areas where there is a great deal of turning, slowing and congestion." (*Id.* at 759.) Indeed, the court held that it did not matter whether access to a building from a highway was by a driveway from the highway to a side entrance rather than its front because the salient fact remained that "[t]he traffic and congestion which the section has in mind would be equally great under the one condition as the other." (*Id.* at 760.)

From this we can understand why section 90.1 limited the basic definition of "business district" that was provided by section 89. Generally speaking, in such districts "considerable congestion of vehicular traffic and pedestrians is to be expected" and so, in order to provide for the "safety of the traveling and pedestrian public", the Legislature imposed restrictions on the speed and movement of vehicles in them. (*Adrian* v. *Guyette*, *supra*, 14 Cal.App.2d at 503-504; see e.g., § 22101, *supra*.) But subdivision (d) of section 90.1 recognized that where "there is no right of access to [a] highway by vehicles from ... contiguous property" there can be no increase in traffic and congestion to and from the highway with its attendant danger, to warrant restrictions on speed and movement of vehicles which would otherwise be necessary. Accordingly, in that situation, "regardless of the number of [business] buildings upon the contiguous property", the subdivision discounted a highway as being within a "business district" so as not to trigger other sections of the Vehicle Code which would then invoke the application of those restrictions, such as the one prohibiting U-turns. (Cf., *Butigan* v. *Yellow Cab Co.* (1958) 49 Cal.2d 652, 656.)[6]

---

[6]It should also be noted that where contiguous properties do provide access to a highway, a means is available for motorists to reverse their direction of travel without making a U-turn on the highway. They can drive into the driveway and back out again to go in the opposite direction. (See *Butigan* v. *Yellow Cab Co.*, *supra*, 49 Cal.2d 652, 656.)

Like its predecessor, subdivision (d) of section 240 plainly states with reference to section 235 that "[a] highway or portion of highway <u>shall not be deemed to be within a [business] district</u> regardless of the number of [business] buildings on the contiguous property if there is no right of access to the highway by vehicles from the contiguous property." The subdivision thus continues to set that qualification as an absolute determinant of when a stretch of highway shall not be considered to be within a business district.

Property contiguous to a highway "means the territory with its land lying along and adjoining [it]." (*Adrian* v. *Guyette*, *supra*, 14 Cal.App.2d at 502.) We interpret the "right of access by vehicles" to mean the existence of a path between the highway and the contiguous property of sufficient width to permit the passage of motor vehicles without obstruction (such as curbs, fences or walls), except those placed by the owner or those in lawful possession of the contiguous property to control vehicular access (such as gates or doors) to the property. Thus under subdivision (d) of section 240, a street in a city block between intersections which is bounded on both sides by curbs uninterrupted by any space designed to permit vehicular crossings cannot be in a business district as defined in the Vehicle Code regardless of how many businesses may be in the buildings fronting such street.

We therefore conclude that a section of highway more than 300 feet long, that is fronted on both sides entirely by businesses which do not provide vehicular access to the highway by driveways or alleys, is not within a "business district" for purposes of Vehicle Code section 22102. If local authorities wish to prohibit the making of U-turns in such areas, they must look to other sections of the Vehicle Code (e.g., § 22113) for authority to do so.

* * * * *